(92 South. 529)

### TREADAWAY v. STATE. (6 Div. 912.)*

(Court of Appeals of Alabama. Jan. 17, 1922. Rehearing Denied Feb. 21, 1922.)

1. Criminal law ⊚⟹204—Appeal from recorder's court held to constitute waiver of jeopardy.

Where defendant was tried and convicted in the recorder's court for violation of the prohibition laws, and the state then filed a charge in the circuit court for violation of the prohibition laws, the appeal of the original case to the circuit court where it was still pending constituted a waiver of any jeopardy.

2. Indictment and information ⊚⟹15(2)—Plea that another charge for the same offense is pending not good in abatement.

A plea that there is another charge for the same offense pending against the defendant is not good in abatement, and is subject to demurrer.

3. Criminal law ⊚⟹280(3)—Plea in abatement, which does not alleged pendency of cause in another court of competent jurisdiction, is faulty.

A plea in abatement on the ground of the pendency of another charge for the same offense is faulty, where it does not allege the pendency of the cause in another court of competent jurisdiction.

4. Intoxicating liquors ⊚⟹233(1) — Evidence that drunken people were observed around defendant's place of business held admissible.

In a prosecution for possession of prohibited liquor, it having been shown that a quantity of whisky was found at defendant's place of business, evidence that drunken people were observed in and around defendant's place of business about the time the whisky was found held admissible.

5. Criminal law ⊚⟹696(2)—Objection to testimony held waived, where no motion to exclude was made.

Objection to an answer of a witness as being illegal and unresponsive is waived, where no motion to exclude the testimony was made.

6. Criminal law ⊚⟹725 — Counsel should not make use of discretion of the court in argument.

Counsel for defendant should not make use of the discretion of the court as to punishment to be inflicted upon conviction as an argument to the jury to justify any action they might consider just.

7. Criminal law ⊚⟹1168(1)—Refusal of charge on count as to which defendant was acquitted held not prejudicial error.

The refusal to give the general affirmative charge as to a count of the indictment was not error, where defendant was acquitted on that count.

8. Intoxicating liquors ⊚⟹131—Instruction that if liquor was not kept for illegal purpose the verdict should be for acquittal held properly refused.

In a prosecution for possession of prohibited liquor, an instruction that, if defendant did not have the liquor for illegal purposes, the verdict should be for acquittal, held properly refused, as the possession of liquor without more is a violation of the law.

9. Intoxicating liquors ⊚⟹167—Instruction that if liquor was placed by another in defendant's room he was not guilty held properly refused.

In a prosecution for possession of prohibited liquor, an instruction that, if the liquor was placed in defendant's room and he had no other connection with it, the verdict should be for acquittal, held properly refused, because if defendant permitted the whisky to be deposited in his room, he would be equally guilty with the person having possession of the liquor.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

George Treadaway was convicted of violating the prohibition law and he appeals. Affirmed.

The first count charged the selling, offering for sale, or keeping for sale, etc., of prohibited liquors. The second count charged that subsequent to January 15, 1919, the defendant did keep or have in his possession or receive or possess prohibited liquors, etc.

Plea B is as follows:

B. Comes the defendant, and for his plea denies that this honorable court has jurisdiction to try, hear, or determine the same on the merits in this: Prior to this prosecution issuing this affidavit and warrant the city of Bessemer arrested, arraigned, and completely assumed and took full jurisdiction of the subject-matter and the defendant, and therefore this honorable court has no jurisdiction to hear, try, or proceed with this case.

<hr>

Charge 4 was the affirmative charge as to the second count.

Charge 5 was tantamount to the affirmative charge as to the second count.

Charge 6:

Possession of whisky is only prima facie evidence of guilt, and if the evidence convinces you beyond all reasonable doubt the defendant did not have the liquor for illegal purposes, then your verdict must be for the defendant.

Charge 7:

Possession is only prima facie evidence of a violation, subject to explanation as any other fact, and if the evidence convinces you beyond all reasonable doubt that the negro called Red placed the whisky in defendant's room, and defendant had no other connection with it, then you must acquit the defendant.

Defendant was charged in two counts with violating the prohibition laws. The first count charges selling, and the second count that he had possession of prohibited liquors.

Pinkney Scott, of Bessemer, for appellant.

Pleas A and B were good pleas, and the court erred in sustaining demurrers thereto. 138 Ala. 105, 35 South. 53, 100 Am. St. Rep. 22; 197 Ala. 236, 72 South. 545; 17 Ala. App. 551, 86 South. 126; sections 1218, 1219, Code 1907. The court erred in permitting the argument of the solicitor. 112 Ala. 1, 21 South. 214; 105 Ala. 60, 17 South. 114.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The defendant filed two pleas in abatement, the first being as follows:

"Comes this defendant, and for his plea in abatement says that prior to the time this warrant and affidavit issued against him he was arrested, tried, and convicted under a charge of the same identical offense as charged herein, he was the same the identical defendant in that same said charge, that the same the identical facts were the same as here relied on in this same case, which said trial and said charge was had and did take place in the recorder's court of the city of Bessemer, Jefferson county, the state of Alabama, which said court had and took jurisdiction of both the subject-matter and of the defendant and of the same the identical case as made and the identical facts as set out in this affidavit and warrant, from which said conviction in said recorder's court this defendant appealed said case, and which is now pending before this honorable court, which is the same the identical case as made and as now being prosecuted by this same warrant and affidavit in this case; that the said arrest, said conviction, said trial, and said appeal all took place and had been had and done prior to the time of making this affidavit and this warrant; therefore this defendant prays that this suit abate, and be hence dismissed from this honorable court."

Granting that both cases were one and the same and both charged a violation of the same state law, they were at the time of this trial both pending and undisposed of in the same court and before the same judge; the one instituted in that court by the state and the other brought there by the appeal of the defendant thereby constituting a waiver of any jeopardy by reason of the original trial of defendant before the recorder. Both were pending for trial on the merits, and the state could elect as to which to try, and if both were charges brought by the state, as alleged in the plea, and were the same, the conviction in one would be a bar to the other, but the plea is not good in abatement, and was subject to the demurrer. Gibson v. State, 15 Ala. App. 12, 72 South. 569; Bell v. State, 115 Ala. 25, 22 South. 526. The case of Sherrod v. State, 197 Ala. 286, 72 South. 540, presents a case of conflict in jurisdiction, which is not at all the case here.

[3] Plea B is faulty also. Among other objections it does not allege the pendency of the cause in another court of competent jurisdiction.

[4] It having been shown that a quantity of whisky was found in the back room of defendant's place of business, the front room opening on the street being used for a barber shop and the back room for a bedroom, it was competent for the state to prove that along about the time the whisky was found drunken people were observed in and around the defendant's barber shop, upon the well-known principle, as declared in Holy Writ, "Where the carcass is, there will the eagles be gathered together."

[5] The answer of the witness Williams, "Yes, sir, I have seen and arrested lots of niggers right on the corner of Fifth avenue and Nineteenth street," while illegal, was not responsive to any question asked, and, no motion having been made to exclude this answer, the point is waived.

The testimony of Susie Harris as to what she said to a third person was properly excluded, as being irrelevant.

The other exceptions to rulings of the court on questions of evidence were clearly without merit.

The excerpts from the remarks of the solicitor were within the bounds of legitimate argument, and therefore the refusal of the court to exclude them was not error.

[6] Counsel for defendant should not make use of the discretion of the court as fixed by law, as to punishment to be inflicted on conviction for crime, as an argument to the jury to justify any action they might consider just. The jury has its duty and the court likewise, the one not dependent upon the other.

[7] Charge 1, being the general affirmative charge, was properly refused. Charge 2 was the general charge as to count 1, and

as the defendant was acquitted on that charge, its refusal was without injury, and charge 3 is in the same category.

There was evidence tending to prove the state's case as to count 2, and hence the refusal of charges 4 and 5 was without error.

[8] The possession of prohibited liquor, without more, is now a violation of law, and hence charge 6 was properly refused.

[9] Charge 7 was properly refused. If the defendant knowingly permitted Red to deposit the whisky in his room he would be equally guilty with Red of having it in his possession; the charge failed to negative this fact.

We find no error in the record, and the judgment is affirmed.

Affirmed.

___

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 376.