(93 South. 44)

## PENDERGRASS v. STATE. (8 Div. 787.)

(Court of Appeals of Alabama. April 18, 1922.)

Criminal law ⟝178—Nol. pros. under one indictment held not to prevent proceeding under another for same offense.

Where there are two indictments for the same offense, the entering of a nol. pros. under one indictment does not prevent proceeding under the other, as a defendant is not put in jeopardy by the mere finding of an indictment.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Andrew Pendergrass was convicted for manufacturing prohibited liquors, and he appeals. Affirmed.

On the 5th day of September, 1919, the grand jury of Jackson county filed in open court an indictment charging Andrew Pendergrass with manufacturing prohibited liquors since January 25, 1919. This indictment was nolle prossed, and on September 10, 1920, the grand jury of Jackson county returned into court an indictment charging that Andrew Pendergrass, since January 25, 1919, manufactured prohibited liquors, and charging, also, that November 30, 1919, the defendant manufactured, sold, gave away, or had in his possession a still apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors. The defendant moved the court to declare that he was in jeopardy under the former indictment, which he alleged to be a good and valid indictment, alleging further that without his consent or procurement the same was nolle prossed.

Milo Moody, of Scotsboro, for appellant.

Counsel discusses the motion to declare defendant in jeopardy under first indictment, but cites no authority in support thereof.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MERRITT, J. There was no error in overruling the defendant's motion. There is nothing in the record to show that the first indictment, which the motion asserts was nol.' prossed, was for the same offense as that of the second indictment, the one under which he was convicted, and, if so, we know of no rule of law that would preclude the solicitor from entering a nol. pros. under one, and proceeding under the other. The defendant cannot be said to have been put in jeopardy by the mere finding of an indictment.

There appears to have been no ruling of the court on the defendant's motion to exclude the answer of the witness Holcomb to the question as to "whether or not there was a still there."

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.