(94 South. 787)
**WATSON v. STATE.  (5 Div. 423.)**

(Court of Appeals of Alabama.  Dec. 19, 1922.)

1. **Homicide** ⟨key⟩189—**Entire altercation held one transaction and evidence of previous quarrel not inadmissible.**

Where the trouble between defendant and deceased and his brother began in one store, after which deceased left and armed himself and then found defendant in another store, where the altercation was resumed and the homicide occurred, the entire transaction occupying a time variously estimated at from 5 to 15 minutes, and the distance between the stores being about 35 yards, the whole altercation was one transaction, so that a requested charge that the jury could not consider what occurred in the first store was properly refused.

2. **Homicide** ⟨key⟩276—**Whether deceased pursued defendant before shooting held a question for the jury.**

Where there was evidence that the altercation began in a store where defendant exhibited a pistol, after which deceased left and armed himself and returned to another store 35 yards away, where defendant then was and where the killing occurred, it was a question for the jury to say whether deceased pursued defendant from the first store, so that a re-

---
⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

quested charge that the evidence was without conflict that he did pursue defendant was properly refused.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Will Watson was indicted on a charge of murder in the first degree. He was convicted of manslaughter in the first degree, and appeals. Affirmed.

Charges B and D, requested by the defendant and refused by the trial court, are as follows:

"B. The evidence in this case is without conflict to the effect that John and Punch Bullard pursued defendant over to Woody's store."

"D. In this case in determining whether or not defendant was free from fault the jury cannot consider anything which may have or did occur in or at Ellington's store between Punch Bullard and the defendant."

N. D. Denson & Sons and Barnes & Walker, all of Opelika, for appellant.

Proof of the former difficulty in this case was competent to elucidate the reasonable appearance of conditions at the time of the killing. 200 Ala. 547, 76 South. 904; 146 Ala. 8, 41 South. 184; 150 Ala. 19, 43 South. 219; 151 Ala. 41, 44 South. 84; 155 Ala. 67, 45 South. 916; 156 Ala. 62, 47 South. 52; 162 Ala. 5, 50 South. 215; 166 Ala. 17, 52 South. 337. It was error to refuse charges B and D, requested for the defendant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The homicide was the culmination of an altercation beginning in Ellington's store in Goldhill, Ala. The parties were first heard cursing each other in Ellington's store; defendant drew his pistol; they both came out of the store; Bullard, the deceased, went off and in a few minutes returned with a pistol; Watson went to the store of Woody about 30 or 35 yards away, Bullard and his brother following him, when further words were passed. Watson went out of the Woody store, the two Bullards going to the porch of the store; Watson dared them to get on the ground; the Bullards got on the ground; Watson fired, killing one of the Bullards, the whole time from the first words passing between the parties in Ellington's store to the shooting, being variously estimated at from 5 to 15 minutes, and the entire distance covered being about 35 yards. The whole was one transaction. Page v. State, 17 Ala. App. 70, 81 South. 848. The foregoing disposes of the exceptions reserved to the admissibility of the evidence and to the refusal of the court to give charge D.

[2] From the evidence in this case it was a question for the jury to say whether the two Bullards pursued defendant from Ellington's store to Woody's store, and therefore charge B was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.

MERRITT, J., not sitting.