### BIGGERS v. STATE.  (4 Div. 96.)

(Court of Appeals of Alabama.   May 19, 1925.
Rehearing Denied June 9, 1925.)

1. **Criminal law ⊜⇒178—Nol. pros. of case on appeal by defendant held to render plea of former jeopardy unavailable.**

Where defendant set up former jeopardy, on ground that he was convicted of another offense based on same matter alleged in present indictment, but state's replication stated that such conviction was appealed by defendant and thereafter case nol. prossed by state, *held*, that defendant's demurrer to replication was properly overruled.

2. **Criminal law ⊜⇒363—Everything happening during continuance of difficulty in question held admissible as part of. res gestæ.**

Everything happening between parties during continuance of difficulty out of which prosecution grew was admissible as part of res gestæ.

3. **Witnesses ⊜⇒406—Testimony held admissible as denial of what witness had testified to, as to fact, in evidence admitted without exception.**

Testimony as to what party assaulted said to defendant's father as to what he intended to do if defendant returned was admissible in denial of what had been testified to by defendant's father, as to fact, in evidence admitted without exception.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Walter Biggers was convicted of assault with intent to murder, and he appeals. Affirmed.

By his plea of former jeopardy, defendant alleges, in substance, that at the May, 1924, term of the county court of Geneva county, an affidavit or complaint was filed against defendant, charging him with knowingly and willfully opposing or resisting R. C. Grice, sheriff of said county, in an attempt to serve or execute a search warrant; that at the August term of the county court defendant was put upon trial for said offense, and was duly convicted; and that the charge of which he was convicted was based upon and is of the same matter and transaction as alleged in this indictment. To this plea the state filed replication as follows:

"The said case for resisting an officer was appealed by the defendant from the county court to the circuit court, and that said cause has been by the state nol. prossed."

E. C. Boswell, of Geneva, for appellant.

Demurrer to the state's replication to defendant's plea of former jeopardy should have been sustained. Const. 1901, § 9; Jackson v. State, 136 Ala. 96, 33 So. 888; Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am. St. Rep. 79; Brooke v. State, 155 Ala. 78, 46 So. 491;

Sherrod v. State, 197 Ala. 286, 72 So. 540; Leigeber v. State, 17 Ala. App. 551, 86 So. 126; Hendrix v. State, 18 Ala. App. 479, 93 So. 223; Ex parte Bell, 200 Ala. 364, 76 So. 1.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Demurrer to the state's replication was properly overruled. Treadaway v. State, 18 Ala. App. 409, 92 So. 529. The conduct of the defendant in going from his home to that of his father and returning to the scene of the difficulty was of the res gestæ. Holladay v. State, ante, p. 76, 101 So. 86.

SAMFORD, J. [1] Defendant's demurrers to the state's replication to defendant's plea of former jeopardy were properly overruled. Treadaway v. State, 18 Ala. App. 409, 92 So. 529.

[2] According to the state's evidence, the difficulty, out of which grew this prosecution, began in defendant's house and continued without interruption until defendant had gone to his father's house about 300 yards away, returned with a gun and pistol, and been disarmed. Everything happening between the parties relating to the difficulty was a part of the res gestæ, and admissible in evidence. Watson v. State, 19 Ala. App. 59, 94 So. 787; Page v. State, 17 Ala. App. 70, 81 So. 848; Harris v. State, 19 Ala. App. 575, 99 So. 320.

[3] What was said by Grice, the party assaulted, to Ed Biggers, the father of defendant, relating to what he intended to do if defendant returned, and before defendant did return in continuance of the difficulty, was relevant for two reasons: (1) It was a part of the res gestæ; and (2) it was in denial of what had been testified to by Ed Biggers, a defendant's witness, as to a fact in evidence admitted without exception.

We find no error in the record, and the judgment is affirmed.

Affirmed.