(105 So. 915)

## TAYLOR v. STATE. (6 Div. 771.)

(Court of Appeals of Alabama. Nov. 3, 1925.)

1. Criminal law ⟐304(6)—Court of Appeals takes judicial notice of federal census.

Court of Appeals takes judicial notice of federal census.

2. Courts ⟐42(3)—Act establishing county court of Walker county held not repealed by Code.

Acts 1915, p. 862, establishing county court of Walker county, *held* not repealed by Code 1923, § 3800.

3. Criminal law ⟐753(1)—Trial court was without authority to direct verdict, where evidence was in conflict.

Trial court is without authority to direct verdict by affirmative charges, where conflicting evidence presents jury question.

4. Criminal law ⟐815(1)—Charge pretermitting consideration of evidence was properly refused.

Charge pretermitting consideration of evidence was properly refused.

5. Criminal law ⟐829(1)—Refusal to give requested charge substantially covered by oral charge is not reversible error.

Refusal to give requested charge substantially covered by oral charge is not reversible error.

6. Criminal law ⟐358—Notes properly excluded as having no tendency to support alibi.

In prosecution for adultery, defendant having shown that on date fixed by state's testimony he was in another city, where he bought mules, and on following day signed notes therefor, court properly excluded notes as irrelevant.

7. Criminal law ⟐747—Conflicting alibi evidence held for jury.

Conflicting alibi evidence *held* for jury.

8. Criminal law ⟐338(4, 5)—Cross-examination of witness as to matters not connected with accused held prejudicial error.

In a prosecution for adultery, permitting state to elicit from defendant's witness on cross-examination that he, witness, went to another city, and got named woman, *held* prejudicial error; there being no attempt to connect defendant with such action of the witness.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Moody Taylor was convicted of living in a state of adultery, and he appeals. Reversed and remanded.

J. Carl Shepherd, of Berry, and Curtis, Pennington & Pou, of Jasper, for appellant.

At the time of the trial of defendant the county court had ceased to exist; its judgment was void, and would not support an appeal. Code 1923, § 3800; Acts 1915, p. 862; Kelly v. Burks, 132 Ala. 235, 31 So. 512;

Standard Oil Company v. Birmingham, 202 Ala. 99, 79 So. 489; Henry v. Wiggins, 207 Ala. 251, 92 So. 108; McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 So. 722. Counsel contend for error in other rulings, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and A. F. Fite, of Jasper, for the state.

The act of 1915, establishing the county court of Walker county, was not repealed by section 3800 of the Code of 1923. 34 Cyc. 1340; 36 Cyc. 1084, 1085; Allgood v. Sloss Co., 196 Ala. 500, 71 So. 724; State v. Towery, 143 Ala. 48, 39 So. 309. Counsel discuss the other questions raised and considered, but without citing additional authorities.

BRICKEN, P. J. From a judgment of conviction in the circuit court (on appeal from the county court) for the offense of adultery this appeal is taken. This prosecution originated by the swearing out of a warrant before a justice of the peace, which was made returnable to the county court. In the county court the defendant entered a plea of "not guilty." His trial there resulted in his conviction, from which judgment he appealed to the circuit court of Walker county.

In the circuit court the cause was tried upon a complaint filed by the solicitor, to which defendant entered a plea of "not guilty." The trial resulted in his conviction; the jury assessing a fine of $125, to which the court added six months' hard labor for the county.

[1] It is first insisted that at the time of the trial of this ·defendant in the county court of Walker county that court had ceased to exist by operation of law; that as a result the trial was coram non judice, and the judgment rendered void, and, being void, would not support an appeal. This insistence is based upon section 3800, Code 1923 (Acts 1915, p. 862). Section 3800 is as follows:

"The county courts, as they existed under the Code of 1907, are re-established in all counties of the state except in those counties which have a population of fifty thousand or more, according to the last preceding federal census and also except in those counties where such courts have been abolished since September 25, 1915. As to these counties, the county courts remain abolished."

This court takes judicial knowledge of the federal census. It is insisted that the last federal census (1920) gave to Walker county a population of 50,523, and that under the provisions of above quoted section as soon as this census was taken and promulgated the county court of Walker county ceased a legal existence. Further, that the 1923 Code went into effect on August 17, 1924, and that this appellant was tried and convicted in said court subsequent to that date.

[2] The county court of Walker county was established by the act of the Legislature approved September 25, 1915 (Acts 1915, p. 862). The controlling question, therefore, for our consideration is whether the 1915 act, supra, establishing the court, was repealed by section 3800 of the Code 1923. While this question is not without difficulty, we are not prepared to construe section 3800, Code 1923, as repealing Acts 1915, p. 862. Our conclusion is that the act of 1915, establishing the county court of Walker county, was not repealed by section 3800 of the Code of 1923; that section 3800 merely had the effect of bringing into the Code the provisions of the act of 1915, supra, which act re-established the county court in all counties having a population with less than 50,000, and also provided that in counties where such courts had been abolished since the approval of the act of 1915 such courts should remain abolished and were not re-established by the Code. We regard it as unnecessary to elaborate further upon this proposition, but we do cite the case of Allgood, Auditor, v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 So. 724, as being direct authority supporting our construction of the statutory questions here involved.

There are several assignments of error based upon exceptions reserved to the rulings of the court pending the trial. The first five assignments relate to refused charges.

[3] Charges 1 and 2 were the affirmative charges requested in behalf of defendant. The evidence in this case was in conflict, and presented a jury question; therefore the court was without authority to direct the verdict. Bean v. State, 19 Ala. App. 59, 94 So. 781.

[4, 5] Refused charge 3 pretermits a consideration of the evidence. It was therefore properly refused. Moreover, the oral charge of the court fairly and substantially covered the proposition of law contained in this charge. The rule of evidence announced therein, when properly stated, is elementary.

Refused charge 4 is subject to the same criticism as charge 3 above discussed. It was also fully covered by the oral charge. In the oral charge the court said:

"The measure of proof is such that you must be satisfied beyond a reasonable doubt from the evidence after you have considered it all that the defendant is guilty."

The court in the oral charge stated:

"But if, after considering all the evidence in the case, you are not satisfied beyond a reasonable doubt from the evidence that the defendant is guilty, it will be your duty to find him not guilty," etc.

This clearly covered refused charge 5.

[6, 7] By its witness· J. M. Smith the state offered testimony of an incriminatory nature against defendant, and fixed the time and

place on April 9, 1924, at the home of Mrs. Thomas in or near Townley, Ala. In refutation of this testimony defendant testified and offered testimony of others to the effect that he left Townley on April 9, 1924, early in the morning, and went to Birmingham, where he remained all of the 9th and 10th of April. It appears from the evidence that on this alleged trip he purchased mules from Donahoo Horse & Mule Company, paying part cash therefor, and also executed a note for $150. In this connection defendant's witness, A. G. Donahoo, who lived in Birmingham, without objection testified:

"I remember C. W. Donahoo and Moody Taylor (defendant) coming to my place of business on the 9th day of April of this year. That was on the morning of the 9th. They came some time between 10 and 12 o'clock, and looked at some mules. * * * They came back to my place of business on the next morning. They bought some mules from me. I took papers for these mules—some cash and some papers. Yes, sir; there is a note for $150 executed to Donahoo Horse & Mule Company signed by M. O. Taylor and C. W. Donahoo, and another note for $150 signed by M. O. Taylor and C. W. Donahoo, dated April 10, 1924. Those papers were executed the day the notes bear date," etc.

The defendant then and there undertook to introduce in evidence the notes bearing date of April 10, 1924, but upon objection by the state the court would not allow the notes in evidence. This ruling is made the basis of the sixth assignment of error. There was no error in this ruling; the notes in question were collateral only, and had no place in this trial. A defendant cannot be allowed to make testimony for himself. Moreover, notes bearing date of April 10, 1924, had no tendency of themselves to show that defendant was in Birmingham on April 9th, and the defendant was accorded this evidence by the testimony of himself and other witnesses. This testimony was in direct conflict with that of state witness Smith, and was therefore for the jury. A mere note bearing a given date could not aid the jury in reconciling this conflict.

[8] The other rulings of the court upon the testimony to which exceptions were reserved appear to be without error, except the rulings upon the testimony of witness F. W. Kittrell upon cross-examination. Without attempting to connect this defendant with the action of this witness in any manner, the court, over the objections and exceptions of defendant, permitted the state to prove by Kittrell that he went to Manchester and got Mrs. Helen Thomas, etc. The manner of cross-examination of this witness by the state was prejudicial to the substantial rights of defendant, and, as the matters inquired about were in no way connected with

defendant, the error committed must effect a reversal of the judgment of conviction appealed from.

Reversed and remanded.