(108 So. 73)

### LONG v. STATE.   (5 Div. 592.)

(Court of Appeals of Alabama.   Dec. 15, 1925. Rehearing Denied Jan. 12, 1926.)

1. Criminal law ⬠278(1)—Case nol. prossed in county court before trial in circuit court held not pending in county court at time of trial.

Where case against defendant in county court was nol. prossed on motion of solicitor prior to trial in circuit court, no case was pending in county court at time of such trial.

2. Criminal law ⬠302(1).

Defendant's contention that order by which case was nol. prossed without his consent and when he was not present in court is void *held* without merit.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

George Long was' convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Long v. State, 108 So. 73, 214 Ala. 446.

Joe Brown Duke, of Opelika, for appellant.

It was error for the county court to enter a nolle prosequi, in the absence of the defendant, and on a day not in the regular session of the court. Const. 1901, § 6; Ex parte Bryan, 44 Ala. 402; State v. Hughes, 2 Ala. 102, 36 Am. Dec. 411; Henry v. State, 33 Ala. 389; Hall v. State, 40 Ala. 698; Bryan v. State, 43 Ala. 321.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The proceeding by which the case in the county court was nol. prossed was regular. Code 1923, §§ 3812, 4551; Pendergrass v. State, 93 So. 44, 18 Ala. App. 465.

BRICKEN, P. J. The indictment in this case was returned into open court by the grand jury and filed on May 7, 1925. It charged the defendant with the violation of the prohibition laws of the state. The case was called for trial in the circuit court on May 14, 1925, and in answer to the indictment defendant filed a plea in abatement in which it was insisted that a prosecution for this same offense was then pending in the county court of Lee county, and therefore the

circuit court had no jurisdiction to try the defendant upon the indictment. Issue was joined upon the plea in abatement, and this question was tried by a jury, resulting in a verdict as follows:

"We, the jury, find the issue upon the defendant's plea in abatement in favor of the state."

Following the judgment on the plea, the defendant was put to trial upon the indictment to which he interposed a plea of "not guilty." He was convicted as charged in the indictment, and from the judgment of conviction he appealed. The evidence adduced upon the trial was without conflict, the defendant having offered no testimony, and it tended to show conclusively that large quantities of whisky were found upon the premises of defendant, and that he (defendant) voluntarily admitted ownership and possession thereof. There are no errors in any of the rulings of the court upon the main trial of this case.

On the trial of the issue raised by the plea in abatement numerous exceptions were reserved to the rulings of the court upon the admission of the evidence. It must be admitted that by these rulings the evidence allowed to take a very wide and unusual scope, but we regard all this as being immaterial for but one question was involved, and that is, Was a prosecution for this same alleged offense then pending in another court of competent jurisdiction at the time this case was called for trial in the circuit court?

[1] Pretermitting the manner in which the prosecution was begun in the county court, whether by the connivance or procurement of the accused or not, it is conceded that the case pending against this defendant in the county court was upon motion of the solicitor nol. prossed by the court on May 13, 1925; thus it affirmatively appears that when this case was called for trial in the circuit court it was not then pending in the county court also.

[2] Appellant insists that the order entered by the court, as above, was null and void; that it was entered without the consent of the defendant, and at a time when he was not present in court. We accord no merit to this insistence. Whitaker v. State (Ala. App.) 105 So. 433;[1] Biggers v. State, 104 So. 681, 20 Ala. App. 632; Treadaway v. State, 92 So. 529, 18 Ala. App. 409.

The case at bar is similar in many respects to the Whitaker Case, supra. We regard that case as being conclusive of the question here involved.

Finding no error of a reversible nature, the judgment of the circuit court is affirmed.

Affirmed.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 114.