173 So. 395

## CLAYTON v. STATE.
### 4 Div. 278.

Court of Appeals of Alabama.
Dec. 15, 1936.

Rehearing Denied Jan. 12, 1937.

Winn & Winn, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This prosecution originated in the county court by affidavit, and, upon trial and conviction in that court, was appealed to the circuit court, where conviction was again had, and from that judgment this appeal is taken.

The affidavit in this case was made by John Pitt Williams before J. F. Laseter, county judge, and complied with the requirements of section 3815 of the Code of 1923 and the warrant issued thereon followed the form as laid down in section 3816. The process, therefore, in the county court was in all things regular.

The judgment in the county court, from which the appeal was taken to the circuit court, is incomplete and irregular in some particulars, but it is not a void judgment, and, not being void, it supports the appeal to the circuit court, where the cause is triable de novo, and the processes in the circuit court being in all things regular and the judgment in that court being in proper form, any defect in the judgment of the county court is cured

thereby and cannot avail the defendant on this appeal. Nailer v. State, 18 Ala.App. 127, 90 So. 131.

The information filed by the solicitor in the circuit court, being based upon the complaint filed in the county court and complying with the requirements of the statute, is not void.

There were numerous objections and exceptions interposed by the defendant on the trial; all of which we have examined, and we find that the rulings of the court, in each instance, were either free from error or were of such character as not to injuriously affect the defendant.

The evidence was circumstantial, but, when taken and considered as a whole, it was sufficient to go to the jury, and upon consideration justified inferences authorizing a conviction of the defendant. Therefore the affirmative charge was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.