194 So. 853

### HOWARD v. STATE.
#### 3 Div. 818.

Court of Appeals of Alabama.
Jan. 16, 1940.

Rehearing Denied Feb. 27, 1940.

H. C. Rankin, of Brewton, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The attorney for appellant, in his brief filed in this case, has fully set out a statement of the facts, which we here adopt as a basis for the opinion which will be hereinafter rendered.

Reduced to its last analysis, there were two indictments pending against the defendant at the time of the trial and judgment, from which this appeal is taken. One of the indictments was returned into court at the Fall Term of the Circuit Court of Escambia County in the year 1914. The indictment upon which this trial was had was returned into the same court at its Fall Term, 1937.

The pendency of the two indictments charging the same offense is no ground for abatement of either prosecution. The State may elect to proceed upon either indictment. Tolbert v. State, 28 Ala.App. 209, 181 So. 800, certiorari denied, Id., 236 Ala. 221, 181 So. 800.

In a case similar to the one at Bar this Court said: "Granting that both cases were one and the same and both charged a violation of the same state law, they were at the time of this trial both pending and undisposed of in the same court and before the same judge; the one instituted in that court by the state and the other brought there by the appeal of the defendant thereby constituting a waiver of any jeopardy by reason of the original trial of defendant before the recorder. Both were pending for trial on the merits, and the state could elect as to which to try, and if both were charges brought by the state, as alleged in the plea, and were the same, the conviction in one would be a bar to the other, but the plea is not good in abatement, and was subject to the demurrer." Treadaway v. State, 18 Ala.App. 409, 92 So. 529, 530.

Insistence is here made that the long delay on the part of the State in bringing the defendant to trial on the indictment returned at the Fall Term, 1914, amounts to a discontinuance, and for that reason the second indictment should be abated. Whatever force there might be in this contention as applied to the indictment, charging the defendant with murder, returned at the October Term, 1914, such contention cannot apply to the indictment returned in 1937, upon which the trial was had. The 1937 indictment is not connected with the 1914 indictment, and it is not necessary that it should be connected, for the reason that under Section 4928 of the Code of 1923, it is provided: "There is no limitation of time within which a prosecution must be commenced for any public offense which may be punished capitally, or for murder in the second degree, manslaughter in the first degree, arson, forgery, counterfeiting, or any offense expressly punishable, under the provisions of this Code, as forgery or counterfeiting."

The trial court did not err in overruling the defendant's motion to dismiss the prosecution under the 1937 indictment.

It is undoubtedly the law that a criminal as well as a civil suit may be discontinued. A discontinuance is a gap or a chasm in the proceedings after the suit is pending. Any claim to a discontinuance in the case at Bar would only apply to the proceeding begun by indictment in 1914, which was, and is, a separate proceeding from the indictment returned in October, 1937. Ex parte Hall, 47 Ala. 675.

■ Under the facts as set out in appellant's brief there was no jeopardy attached to the defendant by a former trial on the indictment returned in 1914. A conviction had been had, and this conviction had been set aside upon the motion of the defendant. Upon the granting of this motion the cause was again restored to the docket and no jeopardy had attached. Orr v. State, 236 Ala. 462, 183 So. 445. For this reason the court was without error in sustaining the State's demurrer to the defendant's plea of former jeopardy.

■ The action of the defendant in moving and having the court on his motion to set aside the judgment of conviction based upon the indictment of 1914 was a waiver on his part of any jeopardy, which otherwise might have attached. Stinson v. State, 3 Ala.App. 74, 57 So. 509; Pendergrass v. State, 18 Ala.App. 465, 93 So. 44; Biggers v. State, 20 Ala.App. 632, 104 So. 681.

■ The testimony of Dr. Turberville, relative to the dying declaration of the deceased, was admissible as tending to prove a predicate necessary to be established in order to authorize proof of the statement made by the deceased just prior to his death.

■ Under the evidence in the case, a proper predicate was laid for the admission of the dying declaration of the deceased; and, as testified to by the witness, two statements were made. The first was not reduced to writing; the second having been reduced to writing was lost, or destroyed, and its absence properly accounted for. Testimony as to both statements were admissible.

■ The testimony being in conflict, charge one was properly refused. Other charges requested by the defendant, in writing, and refused by the court, either did not state correct propositions of law or they were amply covered by the court's full and able oral charge.

■ Evidence of threats made by the defendant against the deceased on the night prior to the fatal difficulty were admissible in evidence. Myers v. State, 62 Ala. 599; Davis v. State, 126 Ala. 44, 28 So. 617.

We find no error in this record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., not sitting.