198 So. 446

**ANTHONY v. CITY OF BIRMINGHAM.**

6 Div. 536.

Court of Appeals of Alabama.

April 30, 1940.

Rehearing Denied June 29, 1940.

Affirmed on Mandate Nov. 6, 1940.

Morel Montgomery, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

It appears from the allegations of the pleadings in this case that Sam L. Anthony, the appellant, was tried in the Recorder's Court of the City of Birmingham, Alabama, for the violation of City Ordinance No. 258–F, and also for the violation of section 5053 of the City Code of said City. This trial was had in the month of July, 1938. On said trial said Anthony was adjudged guilty of the offense charged against him by the Recorder's Court and was by said court assessed a fine and also sentenced to hard labor for the City. That said Anthony was thus placed in jeopardy cannot be successfully denied. It needs no citation of authority to show that he was in jeopardy for the offense charged against him when he was arraigned and tried in the Recorder's Court of the City of Birmingham because the principle is elementary.

Anthony appealed from the above mentioned judgment of conviction to the circuit court, where at the instance of the City said prosecution, then pending on appeal in said circuit court, was terminated and disposed of by an order of nolle prosequi made and entered by the circuit court of Jefferson County, on February 2, 1939. This order of nolle prosequi was a final disposition of the prosecution against Sam L. Anthony which was first heard in the Recorder's Court of said City, in the month of July, 1938.

After the above order of nolle prosequi had been granted and entered at the instance of the City of Birmingham by the circuit court, said City again caused the said Anthony to be again arrested on identically the same charge, based upon identically the same facts and evidence, as that for which he was tried in said Recorder's Court in the month of July, 1938, and was caused by said City to be again arraigned on February 16, 1939, on said charge and plead thereto in said Recorder's Court. On this arraignment the said Anthony interposed his plea of former jeopardy occasioned by his trial in said Recorder's Court in the month of July, 1938, for this same offense. Said plea of former jeopardy was overruled and denied by said Recorder's Court, and said Anthony was again convicted of said offense and was by the court adjudged guilty thereof and a fine was assessed against him. He was also sentenced by said court to hard labor for the City for a period of 180 days. From the last judgment of conviction, and sentence, he again appealed to the circuit court. On this second appeal the said Anthony on June 5, 1939, interposed his plea of former jeopardy setting up the judgment of conviction which had been pronounced against him by said Recorder's Court of the City of Birmingham in the month of July, 1938, together with the charges and facts upon which said judgment was pronounced against him. The City filed a replication to this plea of former jeopardy in which it averred that notwithstanding the allegation of the defendant's plea of former jeopardy, and notwithstanding the facts and matters therein alleged, the circuit court ought not to be excluded from taking cognizance of the prosecution then pending on appeal from the Recorder's Court—"for that the defendant was convicted in the Recorder's Court of the City of Birmingham on to-wit July 1938 and appealed said conviction to the Circuit Court of Jefferson County where on to-wit Feb. 2, 1939—said cause was nolle prossed and then and there defendant was arrested and tried again in Recorder's Court Feb. 16, 1939 from which conviction defendant appealed to the Circuit Court of Jefferson County, Alabama, and said appeal case is the identical appeal case now pending before the Court, all of which the assistant City Attorney is ready to verify, and he prays that the defendant may answer said complaint filed by the City in this cause," as averred in said replication.

If we correctly understand the averments of the above replication, they mean that when the defendant appealed from the judgment of conviction against him by the Recorder's Court of the City of Birmingham in July, 1938, to the circuit court, the defendant thereby waived his right to plead former jeopardy for a subsequent prosecution by said City on that identical charge, based upon that identical evidence and those identical facts, or estopped himself from so pleading.

The defendant filed a demurrer to said replication, assigning various grounds of demurrer, among which are the following: (1) Said replication is no answer to said plea, (3) said replication is an admission of the facts set out in said plea, (5) said replication is not a defense to said plea. The trial court overruled the demurrers to said replication, and this action of the court is assigned as error in assignment 3.

The appellee, in support of the judgment of the trial court upon said demurrer, says: "The City's replication alleged that the defendant *appealed from the judgment of former conviction* and set up in the defendant's plea and that the appealed case in the circuit court had been nolle prossed."

The case of Biggers v. State, 20 Ala.App. 632, 104 So. 681, is cited by appellee in support of its replication and of the correctness of the trial court upon the demurrer filed by the defendant against said replication.

In the Biggers case, supra, one Walter Biggers was first arrested and tried upon an affidavit and warrant upon a charge of *resisting an officer in attempting to serve or execute a search warrant.* He was tried for this offense in the county court of Geneva County, and upon his trial he was convicted by said county court. He appealed from that judgment to the circuit court of Geneva County and while said appeal was pending, the said Walter Biggers was indicted by the grand jury of said county for the offense of *assault with intent to murder.* The indictment was probably founded upon the same facts as those upon which the charge of resisting an officer was based. The State took an order of nolle prosequi in the case pending in the circuit court of Geneva County upon the appeal taken by said Biggers from the judgment of conviction pronounced against him by the county court of said county. When said Biggers was arraigned upon the indictment charging him with assault with intent to murder,

he interposed his plea of former jeopardy based upon his prior conviction in the county court for the offense of resisting an officer. The State filed a replication to Biggers' plea of former jeopardy and averred in said plea that Biggers had appealed his conviction for resisting an officer by the county court to the circuit court of said county and that said case on appeal had been nol prossed. Biggers demurred to the replication to the plea of former jeopardy. The trial court overruled said demurrer, and upon the appeal of Biggers to this court from the judgment of conviction against him by the circuit court, held that the trial court did not err in overruling the defendant's demurrer, citing our case of Treadaway v. State, 18 Ala.App. 409, 92 So. 529, 530.

It is, of course, well understood that a charge of resisting an officer in the execution of process is a very different charge from an assault with intent to murder and that a conviction or acquittal on the first offense could not be aptly and legally pleaded in abatement of a prosecution for the latter offense because the two offenses are not the same, as was pointed out in the State's replication in the Biggers case.

In the case of Treadaway v. State, supra, George Treadaway, the defendant was first prosecuted by the State in the Recorder's Court of the City of Bessemer for the offense of violating the prohibition law of said State. He was convicted of said offense by the Recorder's Court and from the judgment of conviction there pronounced against him he appealed to the circuit court of Jefferson County. Pending the appeal said Treadaway was indicted by a grand jury of Jefferson County for violating the State prohibition law. When defendant was arraigned for trial under said indictment he interposed a plea of former jeopardy based upon the judgment of conviction against him in the said Recorder's Court of the City of Bessemer. A demurrer was interposed to said plea by the State, and upon the appeal to this court, from the judgment of conviction by the circuit court of Jefferson County, this court said: "Granting that both cases were one and the same and both charged a violation of the same state law, they were at the time of this trial both pending and undisposed of in the same court and before the same judge; the one instituted in that court by the state and the other brought there by the appeal of the defendant thereby constituting a

waiver of any jeopardy by reason of the original trial of defendant before the recorder. Both were pending for trial on the merits, and the state could elect as to which to try, and if both were charges brought by the state, as alleged in the plea, and were the same, the conviction in one would be a bar to the other, but the plea is not good in abatement, and was subject to the demurrer."

It is perfectly clear that when Treadaway took an appeal from the judgment of conviction pronounced against him by the Recorder's Court of Bessemer to the circuit court of Jefferson County he waived all right to interpose said conviction in the Recorder's Court in abatement of his trial on his appeal in said circuit court; and that is just what the Treadaway case, supra, means. The jeopardy which attached to Treadaway upon his trial in the Recorder's Court was extended and held in abeyance by his appeal to the circuit court to be finally determined by the circuit court, as was done when said court in response to the State's election to prosecute under the indictment ordered a nolle prosequi of the prosecution of the same charge under the appeal.

It is apparent, therefore, that neither the Biggers case, nor the Treadaway case, has any application to the judgment of the court below upon the demurrers interposed by the defendant to the replication filed by the City of Birmingham upon the trial of said case. Under that replication all that the City of Birmingham had to do was to prove that the defendant had been prosecuted in the Recorder's Court on that identical charge in July 1938 and had been there convicted; that he appealed from that conviction to the circuit court of Jefferson County where the prosecution of 1938 was terminated, and ended and finally disposed of by an order of nolle prosequi and that this proceeding authorized said City to again prosecute this same defendant, upon the same charge, facts and evidence. The position is absolutely untenable.

In the case of Eastep v. State, 25 Ala.App. 593, 151 So. 616, 617, this court, addressing itself to the question under consideration, said: "It is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers, and courts of judicature from a very early period down to the present time, that a man shall not be

brought into danger of his life or limb for one and the same offense, more than once. * * * The right not to be put in jeopardy a second time for the same cause is as important as the right of trial by jury, and is guarded with as much care."

The court adheres to, and approves again that pronouncement. This we understand to be the meaning of the inhibitions of Article 1, Section 9, of the Constitution of Alabama 1901, and of similar, if not identical, inhibitions of the Constitution of the United States (Amendment 14).

Without any further discussion of the question this court is of the opinion, and so adjudges, that the trial court committed reversible error in overruling the defendant's demurrer to the replication filed by the City of Birmingham to defendant's plea of former jeopardy in the court below.

The judgment of the lower court is reversed and the cause remanded for further proceedings in accordance with the holdings hereinabove expressed.

Reversed and remanded.

### On Rehearing.

BRICKEN, Presiding Judge.

The application for rehearing, by its verbiage, evinces a petulance and contains expressions unbecoming in the extreme, we think; but as should be, we refrain from any expression or action in this connection except to ignore the impertinent and uncalled for expressions as being beneath the dignity of this court.

We adhere to the construction and application heretofore stated of the case of Biggers v. State, 20 Ala.App. 632, 104 So. 681. We are of the opinion that a municipality cannot prosecute an alleged violator of one of its ordinances in a Recorder's Court, having jurisdiction of the offense and of the person of the alleged offender, and upon his appeal from a judgment of conviction force him either to submit to the conviction, or by taking a nolle prosequi in the court to which the appeal is perfected, without the consent of the appellant, deprive him of the right to plead former jeopardy to a city prosecution thereafter commenced upon identically the same charge, based upon identically the same facts.

Application overruled.

PER CURIAM.

Affirmed on authority of Anthony v. City of Birmingham, Ala.Sup., 6 Div. 724, 198 So. 449.