198 So. 449

## ANTHONY v. CITY OF BIRMINGHAM.

### 6 Div. 724.

Supreme Court of Alabama.
Oct. 10, 1940.

Ralph E. Parker, of Birmingham, for petitioner.

168

Morel Montgomery, of Birmingham, opposed.

FOSTER, Justice.

■■ A case pending on appeal by defendant to the circuit court from the recorder's court is triable de novo. Section 1937, Code. When so, as long as it remains in the circuit court, the judgment of the recorder's court is ineffective as such,· and as jeopardy it stands as though it had never been rendered. 15 Am.Jur. 53, section 378; 43 Corpus Juris 486, note 33. However, the circuit court may dismiss the appeal and thereby reinstate the judgment of the recorder's court. Section 1938, Code, as amended by Act of September 14, 1935. General Acts 1935, page 1107. This effected a change in the law as declared in Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406. But unless the appeal is dismissed, the circuit court will dispose of it on the same principles as one begun there, provided the recorder's court had jurisdiction. City of Selma v. Stewart, 67 Ala. 338.

■ The judgment of the recorder's court and proceedings there finding him guilty are then but a step toward the jurisdiction of the circuit court, and they are effective for no other purpose here involved if the circuit court makes final disposition of it without reinstating the judgment of the recorder's court. See Louisville & Nashville R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733.

■ The question of jeopardy is then controlled by what occurs in the circuit court. If it is nol prossed in that court before jeopardy arises there, defendant is not protected from another trial on the same cause subsequently begun in a court of competent jurisdiction. O'Brien v. State, 91 Ala. 25, 8 So. 560; Walker v. State, 61 Ala. 30; Whitaker v. State, 21 Ala.App. 114, 105 So. 433.

Under circumstances similar to those here involved, the Court of Appeals held that there was no double jeopardy in the cases of Biggers v. State, 20 Ala.App. 632, 104 So. 681, and Treadaway v. State, 18 Ala.App. 409, 92 So. 529, as we understand those cases.

In the case of Clawans v. Rives, 70 App. D.C. 107, 104 F.2d 240, 122 A.L.R. 1436, cited by the defendant, jeopardy had occurred in case No. 1, since witnesses for the District of Columbia prosecuting the case had been called and examined before a nol pros was entered and a new prosecution begun. That was the controlling fact on which the opinion rested.

It is our opinion that there is no double jeopardy shown under the circumstances here set out, since the nol pros was entered in the circuit court before jeopardy there occurred. The opinion of the Court of Appeals in this cause to a different conclusion does not meet our approval.

Certiorari awarded, judgment of the Court of Appeals reversed and cause remanded to it.

All the Justices concur.