200 So. 791

**ADAIR v. STATE.**

6 Div. 669.

Court of Appeals of Alabama.

Feb. 4, 1941.

Rehearing Denied Feb. 18, 1941.

W. C. Rayburn, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was regularly put upon trial in the Inferior Court of Tuscaloosa County (Local Acts Ala.1927, p. 130) upon an affidavit, the charging part of which was in the following language, to wit: "* * * C. B. Adair whose name is otherwise unknown to affiant within twelve months before making this affidavit, in said County, did buy, sell or have in possession illegally, give barter, exchange, receive, deliver, carry or ship prohibited liquors, contrary to law."

He was there convicted—the judgment of the said Inferior Court reciting: "July 31, 1939, the Defendant being duly arraigned, pleads not Guilty to Violating Prohibition Law, issue being joined on said plea; and after hearing the evidence in this case, the Court is satisfied of the guilt of the Defendant and hereby awards the following punishment: A Fine of $500.00, 180 Days hard labor as an additional punishment and the Cost of this proceedings."

Appellant regularly took an appeal to the Circuit Court, where the Solicitor filed a complaint (unnecessary) in two counts, or paragraphs, which are in the following language, to-wit:

"1. The State of Alabama, by its Solicitor, complains of C. B. Adair that, within twelve months before the commencement of this prosecution, he did sell, offer for sale, keep for sale, or otherwise dispose of spirituous, vinous or malt liquors, contrary to law.

"2. The State of Alabama, by its Solicitor, complains of C. B. Adair that, within twelve months before the commencement of this prosecution, he did have in his possession spirituous, vinous or malt liquors, contrary to law."

Upon this complaint appellant was convicted by the jury; regularly adjudged guilty, and sentenced in accordance with the statutes.

Appellant was represented throughout the proceedings below, and here, by able and astute counsel.

Said counsel, while warning us, in effect, not to overlook our duty under the terms. of Code 1923, Sec. 3258, have seen fit to deal with but a single proposition in their brief filed here. And after a careful study of the record, including the bill of exceptions, we are persuaded that no question apparent other than the one dealt with in said brief is worthy of mention by us.

Unless there is merit in the contention urged upon us in the counsel's said brief, there is merit in no exception reserved on the trial.

Appellant, who admitted that he was engaged in the business of selling whiskey in Tuscaloosa County—a "Dry" County (Williams v. State, 28 Ala.App. 73, 179 So. 915) —within the time covered by the complaint on which he was tried and convicted, in utter defiance of law, seeks to avoid the judgment of conviction from which he has appealed to this court upon the following novel contention.

He says that upon the trial in the Inferior Court the testimony on behalf of the State was all and only to the effect that he was found in possession of whiskey on Saturday July 1st. And that he denied being in possession of any whiskey on this date; but admitted that he had been in possession of whiskey two days prior to this time, on Thursday. And that he had "run out" of whiskey and gone to Mississippi for thirty-five cases of same; that he was arrested in Mississippi and his whiskey taken away from him; and that he came back empty handed just prior to the hour the officers raided his place.

Then, he says, the Judge of the Inferior Court, at the time he found him guilty, remarked: "that he did not find defendant guilty of having prohibited liquor on Saturday, but that any possession of prohibited liquor was sufficient, and that he was finding him guilty of having it in his possession on Thursday before the Saturday testified about."

All the above was embodied in a pleading which appellant called a plea of former jeopardy, or autrefois acquit. It being appellant's contention, as he argues here, that because the Judge of the Inferior Court made the remark quoted above, at the time of finding him guilty, he thereby acquitted appellant of the offense of having in his possession whiskey on Saturday July 1st, the one and only date to which the evidence on his trial in the Circuit Court related.

The trial of this plea was had before the court sitting without a jury—by agreement —and, after the appellant had introduced evidence showing without dispute that the Judge of the Inferior Court did make the statement hereinabove quoted, the trial judge found the issues raised by the plea in favor of the State.

We believe what we have said will illustrate, or demonstrate, the contention here urged for error. If so, it is only necessary that we say that we think it without merit.

Of course the appeal, which appellant regularly took, from his judgment of conviction in the Inferior Court, to the Circuit Court, was triable in the latter court de novo. Local Acts 1927, ubi supra; Code 1928, Sec. 3843. When so, as just a few weeks ago so clearly stated (or perhaps restated) by Mr. Justice Foster for our Supreme Court (Anthony v. City of Birmingham, 240 Ala. 167, 198 So. 449, 450) "as long as it remains in the circuit court, the judgment of the recorder's court [Inferior Court of Tuscaloosa County, here] is ineffective as such, and as jeopardy it stands as though it had never been rendered. 15 Am.Jur. 53, section 378; 43 Corpus Juris 486, note 33. * * * The circuit court will dispose of it on the same principles as one begun there * * *. City of Selma v. Stewart, 67 Ala. 338.

"The judgment of the recorder's court [Inferior Court of Tuscaloosa County] *and proceedings there finding him guilty* are then but a step toward the jurisdiction of the circuit court, *and they are effective for no other purpose here involved* * * *. See Louisville & Nashville R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733.

"*The question of jeopardy is then controlled by what occurs in the circuit court,*" (italics supplied by us) citing Biggers v. State, 20 Ala.App. 632, 104 So. 681, and Treadway v. State, 18 Ala.App. 409, 92 So. 529.

Other cases which we believe have a bearing upon the appellant's contention could be cited, among them Nailer v. State, 18 Ala.App. 127, 90 So. 131; Clayton v. State, 27 Ala.App. 332, 173 So. 395; and Slaughter v. State, 27 Ala.App. 39, 167 So. 333; but we consider the above quotation from the opinion by Mr. Justice Foster in the Anthony v. City of Birmingham case conclusive of the question raised, and will not pursue the matter further.

There was error neither in the action of the trial court in finding the issues in favor of the State on appellant's plea of former jeopardy—to which the Solicitor didn't bother to demur—nor in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor.

The judgment is affirmed.

Affirmed.