The appellant was indicted for possession of marihuana, after having been previously convicted of the same offense, also in Alabama. The jury found the appellant guilty as charged in the indictment, and the trial court set sentence at nine years imprisonment in the penitentiary.
About 6:15 p.m. on November 28, 1975, Officer Robert Sorrells of the Dothan Police Department (Narcotics Division) received a phone call from a confidential informant, who related to him that appellant was "selling marihuana at The Difference Lounge on 231 South." The informant, who had supplied reliable information in previous cases, stated to Officer Sorrells that he personally saw this taking place, and that the appellant had a large quantity of marihuana in his automobile, which he identified as a gray Plymouth, bearing a 1976 Houston County license plate, number 10313. Without first obtaining a warrant, Officer Sorrells, along with Officer Wendell White, proceeded to The Difference Lounge, located the car which had been described to him, and after running an automobile registration check, learned that the car was owned by David Gibson, the half-brother of the appellant.
Officers Sorrells and White placed the appellant's automobile under surveillance by parking their unmarked patrol car some fifty yards away in an adjacent parking lot. About twenty minutes later, the appellant exited The Difference Lounge, got in his car, and left, heading south on U.S. Highway 231. The two officers followed the appellant for about a quarter of a mile before pulling him over and informing him that they had information that he had "illicit drugs," and that they were going to search the car. During their search of the entire automobile, they found four "lids" of marihuana inside a brown paper bag located "well up under the passenger seat," and twenty-five "lids," also contained in a brown bag, hidden under a piece of carpet inside the trunk. The appellant was placed under arrest, advised of his Miranda rights, and taken to the Dothan Police Station.
 I
The appellant contends that he was twice put in jeopardy for the same offense. However, the record indicates that the appellant withdrew his special pleas of autre-fois convict and former jeopardy as evidenced by his motion to quash the indictment:
"MOTION TO QUASH INDICTMENT
 "Comes now the Defendant in the above styled cause and makes known unto the Court that he wishes to withdraw earlier pleas entered of Prior Acquittal and Double Jeopardy, and would move the Court to quash the indictment pending in said cause and would show unto the Court as follows:
 "1. That he was arrested on a warrant of arrest for the offense of possession of *Page 506 
marijuana on the 28th day of November, 1975, that he requested a preliminary hearing in the case.
 "2. That Judge Billy J. Sheffield heard the evidence presented by the State of Alabama and as Magistrate failed to find sufficient probable cause to believe that a felony had been committed, but, acting in his capacity as County Judge, with jurisdiction over misdemeanor cases, found the Defendant guilty of possession of marijuana for his own personal use and sentenced him to a fine of $500.00 and imposed a twelve-month suspended sentence.
 "3. That from the conviction of the misdemeanor, the Defendant gave notice of appeal to the Circuit Court of Houston County, Alabama, to try the misdemeanor case de novo before a jury.
 "4. That said case was set for trial, but the case was continued for the State of Alabama because one of their witnesses was out of the state, and said case was again set for trial as a misdemeanor appeal on the Circuit Court Jury Docket, but there on the day that said case was to be tried, the District Attorney of the 20th Judicial Circuit of Alabama, Thomas Sorrell, made a motion to the Court to be allowed to nol pros the misdemeanor conviction and take the case to the Grand Jury.
 "5. That said action was opposed by the Defendant, but the District Attorney's motion was granted, and the indictment in this cause was returned by the May, 1976, term of said Grand Jury.
 "6. That said Houston County Court has authority and valid jurisdiction to convict in cases coming before it and that is said Court has jurisdiction and authority to render a valid misdemeanor conviction that it acts as a conviction of a lesser and included offense and a bar to any further prosecution for the greater offense.
 "7. That said conviction of a lesser included offense acts as an acquittal of the greater offense and upon the motion to nol pros the case by the District Attorney, that terminated all prosecution proceedings against the Defendant in the case.
 "WHEREFORE, in consideration of the premises, the Defendant moves the Court to quash the indictment pending in said cause."
Thus, there was no proper plea or proof of double jeopardy before the court. See Goode v. State, Ala.Cr.App.,337 So.2d 1364; Evans v. State, Ala.Cr.App., 341 So.2d 749, 1976, Title 15, Sections 278-288, Code of Alabama 1940.
Under the circumstances presented, there was no infringement upon the appellant's Fifth Amendment right to protection against twice being in jeopardy. Anthony v. City of Birmingham,240 Ala. 167, 198 So. 449; Adair v. State, 30 Ala. App. 58,200 So. 791. See also Ludwig v. Massachusetts, 427 U.S. 618,96 S.Ct. 2781, 49 L.Ed.2d 732; Colten v. Kentucky, 407 U.S. 104,92 S.Ct. 1953, 32 L.Ed.2d 584.
 II
During the course of the district attorney's examination of Officer Sorrells, he requested that the witness relate to the jury the entire content of the information he had received from his confidential informant concerning the activity of the appellant at The Difference Lounge on the afternoon in question. The testimony was as follows [R. pp. 5-6]:
"Q. Okay. And what information did he give you?
"A. On this particular day?
"Q. Yes.
"MR. BRACKIN: I object to that information.
 "THE COURT: Just a minute, Gentlemen. Let's get straight here. Approach the bench.
 "(Thereupon, an off the record discussion was held between the attorneys of record and The Court, and following said discussion, the following proceedings were had, to-wit:)
"THE COURT: Overruled.
"MR. BRACKIN: Exception. *Page 507 
 "THE WITNESS: The information received was that Gary Wayne Small was selling marijuana at The Difference Lounge on 231 South. And, he had a large quantity in his automobile. The automobile was described, the license plate number given to us."
The appellant contends that the trial court erred in allowing Officer Sorrells to state in the presence of the jury the detail of his conversation with the informant, especially the informant's allegation that he was "selling marihuana," a crime for which he is not here charged.[1] Appellant insists that whatever information the informant gave Officer Sorrells was inadmissible hearsay, and to allow the jury to hear the substance of the informant's statements was prejudicial error since he was denied the opportunity to confront and cross-examine the informant in order to scrutinize and test the veracity of his statements.
Allegations made by an unidentified informant are, by their nature, nothing more than rank hearsay. Although the hearsay allegations of a reliable informant may be considered in a motion to suppress, conducted outside the jury's presence, in determining "probable cause" for an arrest or search, they have no place in the trial itself. Reeder v. State, 294 Ala. 260,314 So.2d 853; Draper v. U.S., 358 U.S. 307, 79 S.Ct. 329,3 L.Ed.2d 327. Professor McCormick explains why the details of information received from an unidentified informant should be excluded at trial [McCormick on Evidence, 2nd Ed., Chapter 24, Section 248]:
 "In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so 'upon information received' and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay."
 III
We pretermit a discussion of other instances of error raised by appellant because they are not likely to occur again on retrial.
For the error noted, the appellant's cause is due to be and is hereby
REVERSED AND REMANDED.
All the Judges concur.
[1] The appellant also by his motion to exclude at the close of the State's evidence asserted this same error.