The indictment charged Memnon Tierce, II, alias Mem Tierce, with the possession of methaqualone, a controlled substance. The jury found the appellant "guilty as charged" and assessed a fine of twenty-five thousand ($25,000.00) dollars as punishment. In addition, the trial court sentenced appellant to six years' imprisonment in the State penitentiary. Because we find that error occurred at appellant's trial, we reverse and remand this cause.
 I.
The trial court conducted a pretrial hearing on appellant's motion to suppress. The purpose of the hearing was to determine whether or not law enforcement officers had probable cause to conduct a warrantless search of appellant's automobile which yielded the controlled substance appellant was charged with unlawfully possessing.
Captain Lloyd Russell of the Tuscaloosa Police Department gave detailed testimony at the hearing as to information he had received from a confidential informant concerning appellant's illegal possession of a controlled substance. From the record there can be no question that the two pronged test of Aguilarv. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) was met. In substance, the informant telephoned Captain Russell on three occasions in regard to appellant's activities on December 20 and 21 of 1979. The informant first called Captain Russell around 6:00 p.m. on December 20. The informant placed his second call at approximately 2:00 a.m. on December 21 and made his third and final call "within an hour" of the time appellant was apprehended at 3:00 a.m. on December 21. Captain Russell was permitted, quite properly at the suppression hearing, to relate what the informant had told him concerning the appellant's activities on the night in question. By its very nature much of Captain Russell's testimony constituted hearsay. Hearsay testimony, however, is of course, admissible at a suppression hearing for the purpose of establishing probable cause. Spinelli v. United States, 393 U.S. 410,89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar, supra; Satterwhitev. State, 364 So.2d 359 (Ala. 1978); Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975); Small v. State, 348 So.2d 504
(Ala.Cr.App.), aff'd 348 So.2d 507 (Ala. 1977).
In addition to Captain Russell's testimony, other police officers narrated in detail their observations of appellant on the night in question and their subsequent participation in the search of his automobile and seizure of the methaqualone. At the conclusion of the hearing the trial court correctly found that probable cause existed for the warrantless search to have been conducted. *Page 1092 
 A.
Although the hearsay allegations of a reliable informant may be considered in hearing a motion to suppress, conducted outside the jury's presence, in determining "probable cause" for an arrest or search, they have no place in the trial itself. Small, supra, 348 So.2d at 507. For the sake of clarity we note the following portions of Captain Russell's testimony which were elicited by the State at appellant's trial in chief which demonstrate unequivocally how the foregoing principle of law was not followed.
 "Q All right, sir, how did you come to begin that investigation?
 A I received a phone call from a confidential informer.
. . . .
 Q All right. Now, what information did you receive at that time?
A The confidential informant —
 MR. HARWOOD (Defense Counsel): We object to what the confidential informant might have said.
THE COURT: Overruled.
 MR. HARWOOD: Wait a minute, let me approach the bench if I may, Your Honor. Let me make sure I get my appropriate grounds on this. As I understand it, we are about to go into a discussion about a totally hearsay telephone conversation.
 MR. MADDOX (Assistant District Attorney): We just want to know what information, we can proceed from there, Judge.
 MR. HARWOOD: Let me get my objection in the record, Your Honor.
THE COURT: Go ahead.
 MR. HARWOOD: I object to testimony from this witness as to what an unnamed person who has not been identified told him over the telephone as around, as I understand it, six o'clock on December 20, 1979. I object to it on the basis of hearsay. I object to it on the basis of remoteness in time. I object to it on the basis of the fact this is an unnamed witness and we have no opportunity to cross examine or test the accuracy of it.
 THE COURT: All right, let's get this settled. In the first place, he can tell — he won't be required to identify the informant. Under no circumstances will I let any testimony in that might tend to identify this person, but he can testify whether he is trustworthy.
 MR. HARWOOD: We don't object to that, Your Honor, but we do object to what the informant told him on the telephone. That would be hearsay.
 THE COURT: Well, it might probably would, but I don't know of any other way.
MR. MADDOX: Thank you, Judge.
 THE COURT: I will overrule. I won't argue with you about whether or not it is hearsay, but I will overrule the objection.
. . . .
 Q All right, just briefly, what did the informant tell you that made you begin this investigation?
 A Said there would be a fantasy party at Tivoli's that night and said Mem Tierce would be there and he would bring some cocaine and he would be dressed like a rock of cocaine.
MR. HARWOOD: I object.
THE COURT: I will overrule the objection.
 MR. HARWOOD: Let me move to exclude that answer on the basis it is prejudicial, it is remote, relates to hearsay based on what an informant said that Mr. Tierce said without identifying the informant, so that we might have an opportunity of cross examination.
 THE COURT: I will have to overrule the objection. Go ahead.
. . . .
 Q Now, did you receive further information regarding the activities of Mem Tierce from your informant?
A Yes, sir.
 Q All right, sir, would you state whether or nor you received information about his activities inside Tivoli's after he arrived there? *Page 1093 
A Yes, sir.
 Q All right, sir, when did you receive this information in your best judgment?
 A I received, in my best judgment, would be around two p.m. — two a.m.
A Two a.m.?
A Yes, sir.
Q And what information did you receive at that time?
 MR. HARWOOD: Again, Your Honor, we object to this witness testifying what an unknown informant would be telling him over the telephone. We object on the basis it would be irrelevant, immaterial.
THE COURT: Overruled.
 MR. HARWOOD: Let me get my objection in. And it would be hearsay and we respectfully object.
 THE COURT: Overruled, I will ask you to avoid any leading questions, but go ahead.
 A He said they had seen Mr. Tierce with a vial of cocaine in his possession.
 Q I think I missed some of what you said, they said what now?
 A They said they had seen Mr. Tierce with a vial containing cocaine.
Q Where had they observed it?
 MR. HARWOOD: Your Honor, let me move to exclude that. I move to exclude it because it is hearsay. I move to exclude it because its prejudice greatly outweighs the probative value. It is irrelevant to the case and to this prosecution and immaterial to this case, and its prosecution.
 THE COURT: Well, it may be hearsay, but I don't know of any other way to enforce the drug laws. If you do, I would like to know about it.
 MR. HARWOOD: We object to Your Honor's remarks and move for a mistrial on that basis.
 THE COURT: Overrule the motion for a mistrial, I am sorry, it may be unpleasant or not pleasant, but I don't know of any other way to proceed.
MR. HARWOOD: We except to Your Honor's comments.
THE COURT: All right.
 Q All right, now just one other question about that. Did you receive information as to where he was carrying that vial of cocaine he had?
MR. HARWOOD: We object on the basis of hearsay.
THE COURT: Overruled.
A Yes, sir.
Q Where?
A In his right front pocket." (R. 143-149)
Thus, over repeated hearsay objections and motions to exclude, Captain Russell was permitted to testify in detail concerning what his informant had told him about appellant's activities on the night in question. There can be no doubt that such testimony constituted prejudicial error. (Authorities cited).
This court and our Supreme Court have clearly and consistently held that hearsay allegations of a confidential informant may not be placed before the jury in a criminal trial. Satterwhite, supra; Reeder, supra; Small, supra. While hearsay may be properly used to establish probable cause, it is inadmissible at trial to prove ultimate facts in issue. Reeder, supra. Professor McCormick explains why the details of information received from an unidentified informant should be excluded at trial [McCormick on Evidence, 2nd Ed., Chapter 24, Section 248]:
 "In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so upon information received and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay." See Small, supra, 348 So.2d, at 507.
In affirming this court's opinion in Small, supra, our Supreme Court held that where the trial court is made acquainted with a *Page 1094 
timely and specific hearsay objection to the content of the informant's conversation, it is not necessary to repeat that specific ground each time an additional question is propounded to elicit the same testimony. Small, supra, 348 So.2d, at 509. Appellant's objections, here, were both timely and specific.
 B.
Referring once again to the above set out portion of the record, we find the following remark made by the trial court to be improper:
 "THE COURT: Well, it may be hearsay, but I don't know of any other way to enforce drug laws. If you do I would like to know about it." (R. 149)
It is clear from the authorities cited herein, that such hearsay evidence should not have been admissible in the trial in chief, before the jury. The above comment simply reiterated the trial court's position on the error heretofore discussed. There are no curative instructions, and in light of the influence of a presiding judge at trial, such remark could easily unduly influence the jury in its decision in the cause.
A discussion of legal principles may be found in Moulton v.State, 199 Ala. 411, 74 So. 454 (1917); Holland v. State,24 Ala. App. 199, 132 So. 601, 604 (1931); Dennison v. State,17 Ala. App. 674, 88 So. 211, 213 (1921) and James v. State,337 So.2d 1332 (Ala.Cr.App. 1976).
 II.
Appellant's counsel calls attention to several other issues in this appeal. However, because of our decision in this cause, we pretermit consideration of same as we do not believe that such matters are likely to arise again on retrial of this cause. Because of the error shown we must reverse and remand this cause for a new trial.
REVERSED AND REMANDED.