Possession of a pistol after conviction of a crime of violence; sentence: five years' imprisonment
During the State's case in chief, the trial judge allowed Mobile Police Officer Larry Mote, over specific objection, to testify as to the hearsay information he was given by a confidential informant in order to obtain a search warrant in the case. After he overruled the specific objection by the defense, the trial judge allowed the witness to testify: *Page 1078 
 "A. That the informant stated to me that while he was inside this apartment, that a black male by the name of Steve had several small, clear plastic bags with a white powder substance. That while he was present, that Steve had given one small, clear plastic bag to an unknown subject in exchange for U.S. currency That the white powder was represented by Steve to be heroin."
Counsel for the appellant again objected and moved to exclude the answer; however, the trial judge overruled the objection The evidence went on to show that when police officers executed the search warrant the appellant was found inside the residence in possession of a pistol, which brought on the instant prosecution
The State has implicitly admitted error in the instant case by declining to file a brief and citing Tierce v. State,396 So.2d 1090 (Ala.Cr.App. 1981)
Tierce, supra, is directly in point and holds that, while hearsay evidence may be considered in a hearing on a motion to suppress in determining probable cause for the issuance of a search warrant, such evidence has no place in the trial itself See also Satterwhite v. State, 364 So.2d 359 (Ala. 1978). It is evident that the trial court committed reversible error in admitting the testimony in question into evidence at trial. On authority of Tierce and Satterwhite, supra, this cause is reversed and remanded, and the appellant is entitled to a new trial
REVERSED AND REMANDED
All the Judges concur
 *Page 1