DeCARLO, Judge.
Trafficking in cannabis; ten years’ imprisonment and a $1000 fine.
Prior to trial, appellant filed a motion to suppress the State’s evidence, arguing that it had been discovered as the result of an unlawful search and seizure, and requesting a hearing on the motion. The court did not rule on the motion.
At trial, the State called as its first witness Deputy Howard Brooks of the Jefferson County Sheriff’s Department. Over the specific objection, and request of appellant to question Deputy Brooks outside the presence of the jury, the law enforcement officer was allowed to testify to hearsay information received from a confidential informant.
The State has confessed error by filing for leave to decline to file a brief, citing Bowen v. State, 406 So.2d 1077 (Ala.Cr.App.1981), and Tierce v. State, 396 So.2d 1090 (Ala.Cr.App.1981), both of which are direct authority for the proposition that the admission of hearsay testimony regarding the information received from a confidential informant is error if presented over the defendant’s specific objection at trial.
On the authority of Bowen and Tierce, the judgment of conviction is reversed, and the cause remanded to the St. Clair Circuit Court for a new trial.
REVERSED AND REMANDED.
All the Judges concur.