TYSON, Judge.
Tommie Burks was indicted on two charges of receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975. The jury found the appellant guilty of both charges and the trial court imposed two five-year sentences to be served consecutively.
Officer John McLain of the Mobile Police Department testified that a confidential informant told him that the appellant had, in his possession at his residence, a passport camera which had been stolen from Van’s Photo on Dauphin Street in Mobile, Alabama. McLain confirmed that the camera had been stolen and obtained a search warrant for the appellant’s residence at 851 August Street, Bay Oak Apartments, Apartment No. 60.' When McLain and two other officers arrived at this residence, no one was at home. They gained entry into the apartment with the landlord’s pass key.
Inside the apartment, they found the passport camera, a video camera, which they learned had been stolen from Gulf Coast Video, and another camera which had its serial number removed.
Julia White-Spunner, the store manager for Van’s Photo, testified that the passport camera found at the appellant’s residence had disappeared from Van’s Photo on November 29, 1983. The camera had a retail value of $835.00.
Mary Vallmer, the bookkeeper for Gulf Coast Video, testified that the video camera found at the appellant’s residence had also disappeared from Gulf Coast Video on November 29, 1983. The retail value of the video camera was $1100.00.
I
During the direct examination of Officer McLain, the following occurred:
“Q. All right. And what did the informant tell you.
*112 “A. Informant advised me that at the residence of Mr. Burks, Bay Oaks Apartment, Apartment 60, that there was a stolen—
“MR. SIMMONS: I would object, sir, that’s hearsay.
“THE COURT: It is hearsay, and I will instruct the Jury that it is hearsay. However, I’m going to allow the witness to testify as to what the informant told him, not as to the truth or the veracity of what was said, but the fact that it was, in fact, told to this police officer, and that he believed the informant, and based upon what the informant told him, he took other actions to secure the search warrant. So, for that reason, I will overrule the objection, allow the witness to answer the question. And I think the Jury under—
“MR. SIMMONS: I object—
“THE COURT: — stands the distinction that I am making as far as allowing it into evidence.
“Q. Again, Officer McLain, tell us what the informant told you?
“A. Informant advised me that inside this apartment, there was a stolen camera, and that it was stolen off Dauphin Street Van’s Photo, and that it still had the tag on it.” (R. 76-77).
The appellant contends the trial court erred by overruling his hearsay exceptions as noted above. In reply, the State asserts that McLain’s testimony was offered to prove that he had probable cause for obtaining a search warrant for the appellant’s apartment, not for the truth of the matter asserted. We must reject this argument.
Hearsay allegations of a confidential informant may be considered in a suppression hearing on the issue of probable cause, but such hearsay allegations are patently inadmissible and have no place in the trial itself. Tierce v. State, 396 So.2d 1090 (Ala.Crim.App.1981); Satterwhite v. State, 364 So.2d 359 (Ala.1978); Small v. State, 348 So.2d 504 (Ala.Crim.App.1977), affirmed, 348 So.2d 507 (Ala.1977).
The courts of this state have repeatedly held that admission of hearsay testimony concerning information received from a confidential informant is clearly reversible error if a proper objection was made at trial. Tierce, supra; Satterwhite, supra; Irwin v. State, 421 So.2d 1371 (Ala.Crim.App.1982); Bowen v. State, 406 So.2d 1077 (Ala.Crim.App.1981).
The duty of the jury is to decide the issue of the appellant’s guilt or innocence and not to determine the question of probable cause. Satterwhite, supra. Small, supra.
The error before this court was properly preserved at trial and, thus, we must reverse and remand this cause for a new trial.
REVERSED AND REMANDED.
All the Judges concur.