McMILLAN, Judge.
The appellant was convicted of rape in the first degree and burglary in the first degree and he was sentenced to life imprisonment. At trial, the appellant presented a defense of alibi, claiming that he was at home in bed at the time of the crime; however, the State produced evidence through the testimony of Officer Hutche-son that the appellant’s stepfather told Hutcheson that the appellant was not home during the time of the offenses. The appellant contends that the trial court erred in allowing into evidence testimony regarding statements allegedly made by the appellant’s stepfather. The portion of the testimony of Officer Hutcheson to which the appellant objects is as follows:
“[PROSECUTOR]: Did you ask him [the appellant’s stepfather] if Dexter [the appellant] was home?
“[OFFICER HUTCHESON]: Yes, sir, I did.
“[PROSECUTOR]: What did he say? “[DEFENSE COUNSEL]: I object to any statements that he made.
“THE COURT: Overruled.
“THE COURT: You may answer. “[OFFICER HUTCHESON]: I advised him what I was there for.
“[DEFENSE COUNSEL]: We object. That’s not responsive.
“THE COURT: Yes, just answer the question.
“[OFFICER HUTCHESON]: He told me that Dexter wasn’t home. That he had went to bed at ten-thirty and he wasn’t home when he had went to bed. That we would go back there to the bedroom and see.
“[PROSECUTOR]: Okay. And he told you that he had gone to bed at ten-thirty and Dexter wasn’t home at that time?”
Clearly Officer Hutcheson’s testimony concerning statements made by Theodore Pick-ney, the stepfather, constituted hearsay and served to undermine the appellant’s defense of alibi. However, the objection raised by the defense counsel was a general objection. See McLoyd v. State, 373 So.2d 1175, 1181 (Ala.Cr.App.), cert. denied, 373 So.2d 1185 (Ala.1979). “A general objection which does not specify grounds preserves nothing for review unless the ground is so obvious that the court’s failure to act constitutes prejudicial error, e.g., Lawrence v. State, 409 So.2d 987 (Ala. Crim.App.1982), or unless the objected to matter is clearly not proper for any purpose, e.g. McGinnis v. State, 382 So.2d 605 *54 (Ala.Crim.App.1979), cert. denied, 382 So.2d 609 (Ala.1980).” Samuel v. State, 455 So.2d 250, 252 (Ala.Cr.App.1984). “Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court’s failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112, (Ala.Cr. App.1979), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979); Slinker v. State, 344 So.2d 1264 (Ala.Gr.App.1977).” Lawrence v. State, 409 So.2d 987 (Ala.Cr. App.1982).
Officer Hutcheson’s testimony concerning Theodore Pickney’s statements that the appellant was not at home on the night of the offenses, constituted hearsay in that it presented an out-of-court statement which was offered by the prosecution as tending to prove the truth of the matter stated. C. Gamble, McElroy’s Alabama Evidence, § 242.01(1) (3d ed. 1977). Theodore Pick-ney did not testify at trial and, thus, the defense counsel was denied the opportunity to cross-examine that witness; see, 5 Wig-more Evidence § 1362 (1974). See, for example, Brooks v. State, 462 So.2d 758 (Ala. Cr.App.1984); Peterson v. State, 452 So.2d 1372 (Ala.Cr.App.1984). Because alibi was the appellant’s defense and because the questions put to the witness evoked inadmissible hearsay, the judgment of the trial court is reversed and the cause is remanded. Cf. White v. State, 448 So.2d 970, 972 (Ala.Cr.App.1984) (wherein this court found reversible error in the prosecutor’s use of illegal hearsay to undermine the appellant’s main defense of insanity).
REVERSED AND REMANDED.
All the Judges concur.