McMILLAN, Judge.
The appellant was found guilty of possession of a controlled substance for personal use, in violation of § 20-2-70, Code of Alabama (1975). He was sentenced to one year’s imprisonment, with 90 days to be served and the remainder of the sentence suspended for two years.
The appellant was employed at Baldwin County High School in a janitorial capacity. The principal of Baldwin County High School contacted the Baldwin County Sheriffs Department because of a drug problem at the high school. The principal informed the sheriff that his concerns resulted from information which he had received from individuals at the school, primarily students. The Baldwin County Sheriffs Department set up an undercover operation in which an officer posed as a janitor.
During the testimony of the principal of Baldwin County High School, he explained that he had contacted the sheriffs department concerning drug problems at the high school. The following transpired during direct examination:
“THE WITNESS: I told him [the sheriff] that I felt that I had a drug problem and certain individuals, primarily students, had come to me—
“[Defense Counsel]: Object to hearsay.
“THE COURT: I overrule the objection to this question. It is the same answer.
“Q: You can answer.
“A: I had certain individuals come to me and say that there was a drug problem. And I had several employees under my authority to indicate that they felt there to be a drug problem on the campus.
“Q: Did they identify the individuals to you?
“[Defense Counsel]: Object as to hearsay.
“THE COURT: I overrule the objection.
“THE WITNESS: Yes.
“Q: Who did they identify?
“A: Larry.
“[Defense Counsel]: Same objection.
“THE COURT: I overrule the objection.
“Q: By Larry do you mean Larry Welker?
“A: Larry Welker.
“Q: The defendant sitting over there?
“A: That is correct.”
The State argues that the principal’s testimony was not hearsay, because it was introduced to establish the reasons for the sheriff’s and the undercover agent’s action, rather than to prove the truth of the matter asserted. See Edwards v. State, 502 So.2d 846 (Ala.Cr.App.1986). However, while the principal’s testimony relating that certain individuals had informed him that there was a drug problem was properly admitted on those grounds; his testimony stating that they identified the appellant as the source of the drug problem was rank hearsay and was clearly offered to prove the truth of the matter asserted. See Williams v. State, 531 So.2d 49 (Ala.Cr.App.1988); Crayton v. State, 513 So.2d 53, 54 (Ala.Cr.App.1987).
“Hearsay allegations of a confidential informant may be considered in a suppression hearing on the issue of probable cause, but such hearsay allegations are patently inadmissible and have no place in the trial itself. Tierce v. State, 396 So.2d 1090 (Ala.Crim.App.1981); Satterwhite v. State, 364 So.2d 359 (Ala.1978); Small v. State, 348 So.2d 504 (Ala.Crim.App.1977), affirmed, 348 So.2d 507 (Ala.1977).
“The courts of this state have repeatedly held that admission of hearsay testimony concerning information received from a confidential informant is clearly reversible error if a proper objection was made at trial. Tierce, supra; Satterwhite, supra; Irwin v. State, 421 So.2d 1371 (Ala.Crim.App.1982); Bowen v. State, 406 So.2d 1077 (Ala.Crim.App.1981).”
*183 Burks v. State, 495 So.2d 111, 112 (Ala.Cr.App.1986).
This court, in Tierce v. State, 396 So.2d 1090 (Ala.Cr.App.1981), held that testimony by a police captain concerning what his informant had told him about the defendant’s activities on the night in question constituted improper hearsay and that the trial court erred in overruling the defense counsel’s objections.
“ ‘In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so upon information received and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay.’ See Small [v. State, 348 So.2d 504, 507 (Ala.Cr.App., affirmed, 348 So.2d 507 (Ala.1977) ].”
Tierce v. State, supra, at 1093. Cf. Eldridge v. State, 415 So.2d 1190, 1198 (Ala.Cr.App.1982) (wherein a police officer’s testimony concerning information he was given by an informant in order to obtain a search warrant was held to be hearsay, but the error was harmless “because the information did not name or pertain to either the defendant or the place searched, did not constitute evidence on a fact in issue or evidence of the defendant’s guilt, and did not attribute any criminal conduct to the defendant”). See also Ex parte Harris, 387 So.2d 868 (Ala.1980) (where the main issue was whether the appellant lived in the house where the drugs were found, it was prejudicial error to allow an officer to testify that a person asked what they were doing in “her nephew’s home” and identified the appellant as her nephew).
The facts of the instant case are similar to those in Thomas v. State, 461 So.2d 16 (Ala.1984), wherein the Alabama Supreme Court stated:
“[T]he State produced the two police officers who testified ‘that Watson [the prosecuting witness] identified Thomas [the defendant] in a lineup.’ This was the equivalent of allowing the officers to testify that ‘Watson said Thomas is the thief.’ Without question, that statement was admitted for a hearsay purpose, as evidence of ‘the truth of the matter asserted,’ i.e., that Watson’s identification was the truth, and thus as substantive evidence that Thomas was the thief.
“The allowance of such evidence in this case was contrary to the rule recognized in Aaron [v. State, 273 Ala. 337, 139 So.2d 309 (1961) ] and Seals [v. State, 282 Ala. 586, 213 So.2d 645 (1968)] and the general rule recognized in 71 A.L.R.2d 449 at 486:
“ ‘The testimony of a third person has generally been treated as inadmissible as original or substantive evidence as to the identity of the accused as the guilty party.’ ”
461 So.2d at 20-21.
The testimony by the principal that the appellant was identified by third parties as the drug offender was hearsay evidence which was introduced to prove the truth of the matter asserted and was inadmissible as substantive evidence that the appellant was the guilty party.
REVERSED AND REMANDED.
All judges concur.