The appellant, Stanley Joe Moseley, alias "Bull," was found guilty of trafficking in *Page 720 
cocaine, in violation of § 20-2-80, Code of Alabama (1975). He was sentenced to four years' imprisonment and was ordered to pay a fine of $50,000.
On December 5, 1988, the Montgomery Police Department made a drug bust on Carter Hill Road, due in large part to the cooperation of a confidential informant. The informant telephoned Montgomery police officer Edward McCurdy on that date and told him that a black man by the name of "Bull" was selling a large amount of cocaine. The informant told McCurdy he could set up a deal with "Bull" through a third party who did a lot of business with "Bull." Consequently, a police officer was introduced to the third party, Jeffrey Jones, through the confidential informant, and a deal was set up for the purchase of four ounces of cocaine.
Police surveillance was arranged at the site of the proposed drug deal, the Winn-Dixie supermarket parking lot on Carter Hill Road. Jeffrey Jones approached the appellant and asked to buy the four ounces of cocaine requested by the police officer. The appellant and another man were sitting in the parking lot in a red Chevrolet Camaro automobile. After a few minutes of haggling, Jones received the cocaine from the appellant. As soon as the drug exchange was completed, the police closed in and arrested Jones, the appellant, and the appellant's companion, Walter Nixon. The Camaro was searched and 108.6 grams of cocaine was retrieved from the car.
During the direct examination of Officer McCurdy, the following occurred:
 "Q. Now, I'm going to direct your attention to the cases against Jeffrey Jones and Mr. Nixon and Mr. Moseley. And could you please tell the jury what occurred just prior to 6:30 on December 5th? Did you receive any communication from anyone concerning this situation?
 "A. Yes, I did. Earlier that day we had a call from a confidential informant.
 "MR. SMITH: We object to this being hearsay unless he has got the confidential informant present to testify today, Your Honor.
"THE COURT: Overruled.
"Q. Go ahead.
 "A. The informant stated there was a black male by the name of Bull —
 "MR. SMITH: We object when he starts saying what the confidential informant told him.
 "THE COURT: Ladies and gentlemen, the testimony is only admitted to show why Officer McCurdy took the actions he took in this case. What the confidential informant said is not admitted for and is not to be accepted by you as the truth for what he said. Only to show why Officer McCurdy and any other officers took any action they did on this date.
"Q. Go ahead.
 "A. Stated there was a black male by the name of Bull that was selling a large amount of cocaine. At that point we tried to obtain the identity of this black male named Bull but we couldn't. The informant stated that he could set up a deal with the black male named Bull by using another subject that did a lot of selling — setting up deals with Bull. So we did that. And we got the informant to introduce a police officer to a black male by the name of Jeffrey Jones. We [knew] Jones then only as Jeff."
The State argues that Officer McCurdy's testimony as to what the informer said is not hearsay because, the State says, it was introduced to establish the reasons for the actions of the police rather than to prove the truth of the matter asserted. See Edwards v. State, 502 So.2d 846, 848-49 (Ala.Cr.App. 1986). However, the statement that a black male by the name of "Bull" was selling a large amount of cocaine was plainly inadmissible hearsay. Officer McCurdy testified that at the time the police received the information in question they did not know the identity of "Bull." However, by the time this statement was repeated by McCurdy at trial the fact that "Bull" and the appellant were one and the same was well known by the jury through the indictment.
Professor McCormick demonstrates why the details of information obtained through a confidential informant should not be admitted at trial: *Page 721 
 "In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so upon information received and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay." See Small v. State, 348 So.2d 504, 507 (Ala.Cr.App. 1977); Tierce v. State, 396 So.2d 1090, 1093 (Ala.Cr.App. 1981)."
In Welker v. State, 545 So.2d 181 (Ala.Crim.App. 1988), the defendant who worked as a janitor at Baldwin County High School, was found guilty of possession of a controlled substance. At trial, the principal of the high school explained how he contacted the sheriff concerning drug problems at the high school. He gave the following testimony during direct examination:
 "THE WITNESS: I told him [the sheriff] that I felt that I had a drug problem and certain individuals, primarily students, had come to me —
"[Defense Counsel]: Object to hearsay.
 "THE COURT: I overrule the objection to this question. It is the same answer.
". . . .
"Q: You can answer.
 "A: I had certain individuals come to me and say that there was a drug problem. And I had several employees under my authority to indicate that they felt there to be a drug problem on the campus.
"Q: Did they identify the individuals to you?
"[Defense Counsel]: Object as to hearsay.
"THE COURT: I overrule the objection.
"THE WITNESS: Yes.
"Q: Who did they identify?
"A: Larry.
"[Defense Counsel]: Same objection.
"THE COURT: I overrule the objection.
"Q: By Larry do you mean Larry Welker?
"A: Larry Welker.
"Q: The defendant sitting over there?
"A: That is correct."
We held that "[this] testimony by the principal that the appellant was identified by third parties as the drug offender was hearsay evidence which was introduced to prove the truth of the matter asserted and was inadmissible as substantive evidence that the appellant was the guilty party." Id. at 183.
As the Supreme Court in Satterwhite v. State, 364 So.2d 359,360 (Ala. 1978) observed:
 "Hearsay information may serve as a basis for an affidavit, and may be used to determine probable cause for the issuance of the search warrant. However, it may not be used as primary evidence to establish guilt during the trial." (Citations omitted.)
See also Small v. State, 348 So.2d 504 (Ala.Cr.App. 1977);Tierce v. State, 396 So.2d 1090 (Ala.Cr.App. 1981).
As we stated in Welker, supra, "the courts of this state have repeatedly held that admission of hearsay testimony concerning information received from a confidential informant is clearly reversible error if a proper objection was made at trial." The testimony in question in the instant case was inadmissible hearsay testimony. Since proper objection was made at trial, the error was preserved; thus, we must reverse the judgment and remand this cause for a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 722