Gary Evan Gipson, the appellant, was convicted of sexual abuse in the first degree, a violation of Ala. Code 1975, §13A-6-66(a)(3). He was sentenced to ten years' imprisonment and was ordered to pay a $5,000 victims' compensation assessment. He raises three issues on this appeal of his conviction.
 I
Nine-year-old S.G. testified that the appellant, her 37-year-old uncle, "put [her] on his lap and put his finger in [her] private and then he took [her] into the bedroom and started kissing on [her] and then he got on top of [her] and it felt like he put his private in [hers]." R. 183-84.
S.G. reported the incident to her mother, who took her to a local hospital for a medical examination. A police report, admitted in evidence as Defendant's Exhibit 2, R. 308, contains the following notation:
 "Dr. Timothy K. Simmons examined child and did rape test kit. Dr. Simmons stated . . . the hymen was not torn, but did have abrasions, did appear to have been fondled, but did not appear to have been penetrated, unless the assailant's penis was smaller than a pencil. [T]here was no evidence of any semen noticed." Ex. R. 13.
The appellant claims that he was denied his right to a thorough and sifting cross-examination of the witnesses against him when the trial court sustained the State's objections, on hearsay grounds, to the following questions asked by defense counsel:
 "Q. [To B.G., the mother of S.G.]: Did the doctor tell you, as the child's mother, that his findings were that she had not been penetrated?" R. 161.
 "Q. [To S.G.]: And [the doctor] said from what he saw, it didn't look like there was anything larger than a pencil that could have penetrated you, is that what he said?" R. 233.
The trial court's rulings were correct because both questions called for inadmissible hearsay. "It is well established in Alabama that testimony by a witness in court as to statements made out-of-court by a physician is inadmissible as hearsay."Central of Georgia Ry. v. Reeves, 288 Ala. 121, 123,257 So.2d 839, 840 (1972); accord Rosen v. Lawson, 281 Ala. 351, 355,202 So.2d 716, 719 (1967).
 "While a patient's statements to the physician-witness of the history of the case is admissible, when offered as a basis in part of the physician's opinion, a statement of a physician to his patient during the course of examination and treatment is not admissible for the purpose of proving the truth of the statement."
C. Gamble, McElroy's Alabama Evidence § 110.01(4) (4th ed. 1991).
 II
The appellant argues that the trial court erroneously prevented him from making an offer of proof to show that the questions he propounded to B.G. and S.G., discussed *Page 703 
in Part I of this opinion, did not call for hearsay.
The trial court did not disallow the appellant's offer of proof. Defense counsel was permitted to state, outside the presence of the jury, that he expected to show that S.G.'s examining physician made a finding regarding whether "there was or was not penetration." R. 163. Following the offer of proof, the judge reiterated his earlier ruling that the questions called for hearsay.
The trial court committed no error. "The proper method of proving the result of [the doctor's] examination was to examine him as a witness." Central of Georgia Ry. v. Reeves,288 Ala. at 126, 257 So.2d at 843.
Furthermore, the appellant succeeded in getting before the jury the information he sought to elicit from B.G. and S.G., when he offered, and the trial court admitted, Defendant's Exhibit 2, the police report containing a summary of the physician's conclusions.
 III
The appellant maintains that the trial judge should have recused himself from sentencing because the court was hostile to defense counsel and biased against the appellant. The appellant claims that the court's bias was shown when it denied him probation and sentenced him to a term of imprisonment greater than the statutory maximum.
Prior to sentencing, defense counsel filed a motion requesting that the trial judge recuse himself on the following grounds:
 "1. Said trial judge, Hon. Pride Tompkins, is extremely hostile toward the defense attorney in this cause, Bryce U. Graham, Sr. He has in the recent past manifested this hostility by talking to other lawyers and making statements in the presence of attorney for Defendant, Bryce U. Graham, Sr.
 "2. Said judge has in the past unlawfully placed attorney of record, Bryce U. Graham, Sr., in contempt of court illegally.
 "3. Said judge has, in the past unlawfully and against said attorney's rights to be in the courtroom, forcibly had him removed from the courtroom.
 "4. Said judge in this cause threatened, during the trial, to 'place defense attorney in contempt of court' for asking questions on the record. Said judge in this cause obviously was prejudiced and biased against the Defendant and his attorney in ruling on the objections that were raised by both sides pertaining to evidence and procedure in this cause. The record will show, in the opinion of attorney of record for the Defendant in this cause, that the court sustained practically every single objection made against the evidence to which the State's prosecuting attorney objected relative to evidence offered by the Defendant and that the court also overruled practically every single objection that the Defendant made to questionable and unlawful evidence offered by the State's attorney in the trial of the case.
 "5. The judge, under our system of law, has the sole power in the question of sentencing and probation of the Defendant in this cause. The Defendant will not get a fair, impartial, and just hearing on the sentence and on probation if the trial judge, Hon. Pride Tompkins, sits as the judge in these proceedings.
 "6. If this honorable court does not consent and voluntarily recuse himself, pursuant to this motion from these proceedings, then the Defendant and his attorney of record demand an evidentiary hearing on the record on this motion." C.R. 17-18.
Although defense counsel demanded an evidentiary hearing on his motion to recuse, when he was given the opportunity to make an evidentiary record, he presented nothing in support of the allegations in his motion, stating only:
 "[T]he grounds I have alleged in the motion are primarily matters of record in this case. I'm referring to an incident in the past, and I submit my motion without submitting any further oral testimony on the motion. And I have submitted it for the Court's consideration, and respectfully request that the Court recuse himself from sentencing this man, because I do think under all the circumstances that I raised in my motion that I feel like this Honorable *Page 704 
Court will not give him a fair sentence." R. 409.
Defense counsel's unsupported allegations of "hostility" and "bias" present us with no ground upon which to find that the trial judge erred in failing to recuse himself.
 "A mere accusation of bias, unsupported by fact, does not require disqualification of a judge. Prejudice on the part of the judge is not presumed, and the burden is on the moving party to prove that the judge is biased."
Thomas v. State, 611 So.2d 416, 419 (Ala.Cr.App.) (citations omitted), cert. denied, 611 So.2d 420 (Ala. 1992). The fact that the trial judge ruled against the appellant during the course of the trial and denied him probation does not establish bias sufficient to require recusal.
 " 'Adverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice.' Hartman v. Board of Trustees of the University of Alabama, 436 So.2d 837, 841 (Ala. 1983)."
Thomas v. State, 611 So.2d at 419. See also Adkins v. State,600 So.2d 1054, 1062 (Ala.Cr.App. 1990), remanded on other grounds, 600 So.2d 1067 (Ala. 1992).
Moreover, "the original granting or denial of probation is entirely within the discretion of the trial court, and is not reviewable upon appeal from a judgment of conviction."German v. State, 492 So.2d 622, 625 (Ala.Cr.App. 1985).
The appellant's claim that the trial judge sentenced him to more than the statutory maximum term of imprisonment is misleading. The range of sentence for sexual abuse in the first degree, a Class C felony, is "not more than 10 years or less than 1 year and 1 day." Ala. Code 1975, §§ 13A-5-6(a)(3) and13A-6-66(b). The record reveals that the trial judge initially sentenced the appellant to 15 years, R. 412, but when it was brought to the court's attention that the maximum sentence for the offense for which the appellant was convicted was 10 years, the court immediately set aside the original, invalid sentence and resentenced the appellant to 10 years, R. 414.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.