The appellant, Rodney White, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 15 years' imprisonment.
The state's evidence tended to show that on March 5, 1993, the appellant and another man, posing as police officers, robbed Quincy and Artis Locklayer. Quincy Locklayer testified that he saw the men exit their car and begin walking toward the house where the Locklayers were staying. He also testified that the appellant's companion was armed with a sawed-off shotgun. When the two men arrived at the front door, the appellant showed Quincy Locklayer a badge and told him that they were police officers. They informed Locklayer that they had a search warrant and that they intended to search the house. The appellant's companion cocked the shotgun and ordered Locklayer to lay face down on the floor. The appellant later directed Quincy and his uncle, who was also in the house, to go into the kitchen so that they could "search the house." Locklayer identified the appellant in a photographic lineup as one of the men who robbed him.
While the appellant and his companion were searching the house, Marcia Kibler, a nurse who regularly came to the house to check on Artis Locklayer, arrived. Kibler testified at trial that the appellant met her at the front door of the house, showed her a badge, and said, "Y'all have to leave, I have a warrant to search these premises."
Mr. Hillman Locklayer, the owner of the house, testified that a video camcorder, a gold watch, several valuable coins, and his checkbook were taken during this incident.
 I
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal. The appellant asserts that there was no proof that the appellant had the intent to use force against the victim while he was armed with a deadly weapon. The appellant points out that his companion carried the weapon. Thus, he claims, the state failed to prove all of the elements of robbery in the first degree.
The appellant was convicted of robbery in the first degree, a violation of § 13A-8-41, which provides, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument. . . ."
§ 13A-8-43 states, in pertinent part:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
". . . .
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with property."
The appellant asserts that the state failed to prove that he acted with the intent to use force against the victim while armed with a *Page 540 
deadly weapon. However, § 13A-2-23, Code of Alabama 1975, provides: "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: . . . (2) He aids or abets such other person in committing the offense. . . ."
 "The words 'aid and abet' encompass all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary. Wright [v. State], [494 So.2d 936
(Ala.Cr.App. 1986)]; Sanders v. State, 423 So.2d 348
(Ala.Cr.App. 1982). Actual participation in the crime need not be proved by positive testimony to convict someone of aiding and abetting. 'The jury is to determine whether appellant's participation exists and the extent of it from all the testimony presented.' Walls v. State, 378 So.2d 1186, 1191
(Ala.Cr.App. 1979), cert. denied, Ex parte Walls, 378 So.2d 1193 (Ala. 1980)."
Henry v. State, 555 So.2d 768, 769 (Ala.Cr.App. 1989).
The appellant's actions of showing a badge and posing as a police officer, his presence during the crime, his apparent companionship with the armed man, and his general conduct during the crime was more than sufficient evidence from which the jury could find that the appellant was guilty of robbery in the first degree.
 II
The appellant next argues that the trial court erred in failing to give one of his requested jury charges. After the court had finished giving its oral charges, defense counsel objected to the court's refusal to give its requested charge on identification. He argued that the issue of identification was not substantially or fairly covered in the court's oral charge.
After hearing the appellant's argument on this issue, the court charged the jury as follows:
 "Ladies and gentleman, thank you for coming back into the courtroom, I will give you one additional instruction to be taken in connection with the rest of the charge that I have already given you, and this will be in reference to, identification as we would say, identity testimony from the witnesses. In that regard, I charge you, identification testimony is in the nature of opinion testimony, and you, the jury, are authorized to consider such testimony in the light of your own . . . sound common sense, taking into consideration the opportunity to observe and know the facts from which the witness forms the opinion with regard to identity of the person in determining what, if any, weight and credence, you the jury, would give to such identification testimony from the evidence presented. I give that to you for your consideration."
Although the court's charge on identification was not as thorough as the charge requested by the appellant, it covered the points necessary to the jury's resolution of any discrepancies in the identification evidence. "The refusal of a requested written instruction . . . shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge." Rule 21.1 A.R.Crim.P. Because the trial court adequately covered the issue of identification, its refusal of the appellant's requested charge on the same point of law was not error. Jennings v. State, 513 So.2d 91 (Ala.Cr.App. 1987).
 III
The appellant next contends that the trial court erred in allowing testimony that he argues was hearsay. He complains of the following testimony given by Officer Mike Ball, one of the investigating officers::
 "Q: (By Mr. Osborn) [prosecutor]: Mike, W.K. Smith through your investigation was developed to be one of the people that committed this robbery, is that correct?
"A: Yes, sir.
"Q: And is he black or white?
"A: He's black.
 "Q: Now as part of your investigation, you talked with W.K. Smith and took a statement from him, is that correct?
"A: Yes, sir. *Page 541 
 "Q: Prior to your talking with W.K. Smith, had anyone identified Mr. White as being involved in the robbery?
 "Mr. Kempaner [defense counsel]: Objection, Your Honor, if they had it would be hearsay.
"The Court: I'll overrule and let him answer.
"A: [witness] Yes.
This testimony was hearsay. Moseley v. State, 570 So.2d 719
(Ala.Cr.App. 1990). However, testimony that may be inadmissible may be rendered harmless by prior or subsequent lawful testimony to the same effect or from which the same facts can be inferred. McFarley v. State, 608 So.2d 430, 433
(Ala.Crim.App. 1992); Thompson v. State, 527 So.2d 777, 780
(Ala.Crim.App. 1988). Officer Ball's testimony is merely cumulative of evidence that was later elicited by the prosecution. Quincy Locklayer identified the appellant as the person who posed as a police officer and robbed the house. Marcia Kibler also positively identified the appellant as the man who told her to leave Hillman Locklayer's house that day. Therefore, the statement was cumulative of subsequent evidence and any error that may have resulted was harmless.
 IV
The appellant also argues that the trial court erred in not ruling on the appellant's application for probation or request to be sentenced pursuant to the Split Sentence Act. It was not error for the trial court to fail to rule on the application. The application for probation was deemed denied after it had been pending in the trial court for 60 days. Rule 24.4, Ala.R.Crim.P.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.