The petitioners filed this petition for a writ of mandamus against the Honorable Thomas Wilson after Judge Wilson denied their applications for probation. The court, in denying the petitioners' applications, relied on White v. State,650 So.2d 538 (Ala.Cr.App. 1994), and held that because the applications had been pending for more than 60 days they were deemed denied by operation of law pursuant to Rule 24.4, Ala.R.Crim.P. This rule states:
 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
Initially, we must determine whether a writ of mandamus is the appropriate remedy in this case. "Mandamus is an extraordinary writ. It is not granted unless there is a clear showing of error to the injury of the petitioner. The petitioner's right to relief must be clear and there must be no other adequate remedy." Ex parte Cox, 451 So.2d 235, 239 (Ala. 1983). The appellants have no remedy by way of appeal, as this court recently observed in Gilmore v. State, 669 So.2d 239, 239
(Ala.Cr.App. 1995).
 "As this court has stated: ' "[T]he original granting or denial of probation is entirely within the discretion of the trial court, and is not reviewable upon appeal from a judgment of conviction." ' Gipson v. State, 646 So.2d 701, 704 (Ala.Cr.App. 1994), quoting German v. State, 492 So.2d 622, 625 *Page 241 
(Ala.Cr.App. 1985). (Emphasis added [in Cox].) 'The appellant may not appeal from an order denying probation.' Rheuark v. State, 625 So.2d 1206, 1206
(Ala.Cr.App. 1993). See also Lockett v. State, 475 So.2d 661 (Ala.Cr.App. 1985); Roden v. State, 384 So.2d 1248, 1249 (Ala.Cr.App. 1980). However, the revoking of a defendant's probation is appealable and reviewable by this court. Thomas v. State, [Ms. CR-93-415, July 8, 1994] ___ So.2d ___ (Ala.Cr.App. 1994).
 "This appeal is therefore due to be dismissed. See Thomas."
Because the petitioners have no adequate remedy by way of appeal, a petition for the writ of mandamus is the appropriate method to challenge the trial court's rulings.
An application for probation is not a motion for a new trial or a motion in arrest of judgment so as to come within the strictures of Rule 24.4. It is an application, which must be evaluated. An application for probation requires an investigation by a probation officer before the court can grant or deny the application. Section 15-22-51, Code of Alabama 1975, provides, in part:
 "(a) When directed by the court, a probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of a defendant. No defendant, unless the court shall otherwise direct, shall be placed on probation or released under suspension of sentence until the report of such investigation shall have been presented to and considered by the court; provided, however, that after conviction the court may continue the case for such time as may be reasonably necessary to enable the probation officer to make his investigation and report."
Probation officers frequently have more work to do than can be done. To hold these heavily burdened probation officers to a 60-day limit on completing their investigations would be unreasonable and unworkable.
We find further support for the proposition that an application for probation does not fall within the confines of Rule 24.4, Ala.R.Crim.P., in this court's ruling in Canada v.State, 429 So.2d 1127 (Ala.Cr.App. 1982). In that case we evaluated a trial court's delay in ruling on a defendant's application for probation by determining whether the period of the delay was "reasonable."
The trial court in this case committed no error in holding as it did. It followed the law at the time. See White. We hold that the granting or denial of an application for probation is not governed by Rule 24.4, Ala.R.Crim.P., but by the reasonableness standard this court adopted in Canada. Our prior holding in White is overruled to the extent that it conflicts with our holding in Canada and in this case.
This cause is therefore remanded to the Circuit Court for Tuscaloosa County for proceedings not inconsistent with this opinion.
WRIT GRANTED.
All the Judges concur. *Page 803